**Enrique Ruelas CHAVEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–03–174–CR, 13–03–175–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 10, 2004.

Arnoldo R. Pena, Brownsville, for appellant.

Enrique Ruelas Chavez, appellant pro se.

Yolanda De Leon, District Attorney, Brownsville, for the State.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Enrique Ruelas Chavez appeals his convictions for murder [1] and possession of a controlled substance with intent to deliver,[2] both first-degree felonies.[3] Chavez pleaded guilty to both charges pursuant to agreed punishment recommendations. The trial court honored the plea agreements and sentenced him on each charge to thirty years confinement in the Institutional Division of the Texas Department of Criminal Justice, to run concurrently. We conclude that Chavez's appeals are frivolous and without merit. We dismiss.

## I. BACKGROUND

On December 3, 2002, Chavez filed timely notices of appeal that invoked our jurisdiction. The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective January 1, 2003. This Court applies those amended rules of appellate procedure to all cases on appeal on the effective date of the amendments. *See, e.g., Gibson v. State,* 117 S.W.3d 567, 570 (Tex.App.-Corpus Christi 2003, pet. granted). Accordingly, on August 28, 2003, we abated both cases for filing of the trial court's certifications of Chavez's right to appeal ("CORTAs"). As required by current rule 25.2 of the rules of appellate procedure, on October 2, 2003, the trial court filed CORTAs stating that these are plea-bargain cases, and Chavez has no right of appeal. *See* TEX.R.APP. P. 25.2(a)(2). On filing of the CORTAs, we reinstated the cases on October 6, 2003.

On October 28, 2003, Chavez's court-appointed appellate counsel filed a brief in which he concludes that these appeals are frivolous. *See Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The cases were submitted without oral argument on January 5, 2004. On February 9, 2004, after receipt of counsel's *Anders* brief, Chavez notified this Court he did not have a copy of his appellate records. He asked this Court to furnish them. On March 11, 2004, we abated the cases again and, in the interest of justice, ordered counsel to provide copies of the records to Chavez. On April 19, 2004, Chavez filed a pro se brief in response to counsel's *Anders* brief. We again reinstated the cases.

Rule 25.2(d) provides that we must dismiss an appeal if the CORTA does not show that the appellant has the right of appeal. TEX.R.APP. P. 25.2(d). However, this Court, on receipt of a "frivolous appeal" brief, must perform an independent review of the record to determine any grounds for appeal. *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (citing *Anders,* 386 U.S. at 744–45, 87 S.Ct. 1396). A CORTA showing no right to appeal does not eliminate our duty to perform an independent review of the record on receipt of an *Anders* brief. Accordingly, we first examine the scope of our duty to review the record independently in an *Anders* case in which the trial court has certified that the appellant has no right of appeal.

## II. SCOPE OF INDEPENDENT *ANDERS* REVIEW

The legislative grant of procedural rule-making authority to the court of crim-

---

**1.** *See* TEX. PEN.CODE ANN. § 19.02(b)(1), (2); (c) (Vernon 2003).

**2.** *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).

**3.** *See* TEX. PEN.CODE ANN. § 19.02(c) (Vernon 2003); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).

inal appeals is not unlimited: "The court of criminal appeals is granted rule making power to promulgate rules of post-trial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." *See* TEX. GOV'T CODE ANN. § 22.108(a) (Vernon Supp.2004); *Shankle v. State,* 119 S.W.3d 808, 812 (Tex. Crim.App.2003). In fact, the court of criminal appeals has specifically stated that a plea-bargaining defendant's right to appeal may not be abridged, enlarged, or modified by appellate rule 25.2. *See Shankle,* 119 S.W.3d at 812. Accordingly, rule 25.2 certification issues should not affect an appellant's substantive rights.

■ Indigent defendants have a constitutional right to representation on appeal. *See generally Douglas v. California,* 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In *Anders,* the United States Supreme Court set up a "prophylactic framework" to protect the constitutional right to counsel. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Under *Anders,* a state appellate court may not refuse to provide counsel to brief and argue an indigent criminal defendant's first appeal based on the appointed appellate attorney's conclusory statement that the case has no merit and does not warrant the filing of an appellate brief. *Penson,* 488 U.S. at 80, 109 S.Ct. 346 (citing *Anders,* 386 U.S. at 744–45, 87 S.Ct. 1396). Rather, *Anders* mandates that appellate courts perform an independent review of the entire record to determine whether there are any arguable grounds that might support an appeal. *See Anders,* 386 U.S. at 744–45, 87 S.Ct. 1396; *see also Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). An appeal is not frivolous if it presents issues that are "arguable on their merits." *Anders,* 386 U.S. at 744, 87 S.Ct.

1396. An appeal is "wholly frivolous" or "without merit" when it lacks "any basis in law or fact." *McCoy v. Court of Appeals,* 486 U.S. 429, 438 n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

■ A state's appellate procedures must "afford adequate and effective appellate review to indigent defendants." *Griffin v. Illinois,* 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891 (1956). An indigent must receive "substantial equality" compared to the legal assistance a defendant with paid counsel would receive, although "absolute equality" is not required. *Smith v. Robbins,* 528 U.S. 259, 277 n. 9, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Accordingly, in cases where the CORTA shows no right to appeal, but an *Anders* brief has been filed, we still must perform an independent review of the record as mandated by *Anders* to safeguard the indigent defendant's rights through an "adequate and effective appellate review."

Under prior law, litigants enjoyed certain limited rights to appeal that are neither referenced in rule 25.2 nor included in the CORTA form promulgated by the Texas Court of Criminal Appeals and provided in the appendix to the appellate rules (the "CORTA Form"). In particular, the CORTA Form does not recognize certain rights of appeal historically enjoyed by plea-bargaining defendants in Texas. Accordingly, we take this opportunity to discuss: (1) the limitations on and extent of our review power in an appeal following a plea bargain; and (2) the scope of our *Anders* duty to review the record independently when the trial court has certified that a plea-bargaining defendant has no right of appeal.

### A. The Right of Appeal in Criminal Cases

■ Texas law provides the defendant in a criminal case a statutorily created

right of appeal. TEX.CODE CRIM. PROC. ANN. art. 44.02.[4] As noted above, procedural rules govern when and how an appeal may proceed but may not enlarge, abridge, or modify a legislatively granted right of appeal. TEX. GOV'T CODE ANN. § 22.108 (Ver-

**4.** As adopted in 1977, article 44.02 then read:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter. TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1977), as amended by repeal of "proviso only" pursuant to Acts 985, 69th Leg., ch. 685, § 4 by orders of the Texas Court of Criminal Appeals dated December 18, 1985, 707–708 S.W.2d XXX–XXXI (Tex. Cases 1986), and April 10, 1986, 713–714 S.W.2d XXXIX–XXX (Tex. Cases 1986), adopting rule 40(b)(1) of the Texas Rules of Appellate Procedure (effective September 1, 1986). Rule 40(b)(1) then read:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State.

TEX.R.APP. P. 40(b)(1) (Vernon Supp.1986) as amended by TEX.R.APP. P. 25.2(b), 948–949 S.W.2d XCVI (Tex. Cases 1997) (effective September 1, 1997, amended 2003). Former rule 25.2(b) provided:

(b) *Form and sufficiency of notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b) (as amended by TEX. R.APP. P. 25.2(a)(2), 90–91 S.W.3d XXII (Tex. Cases 2003) (effective January 1, 2003)). Current rule 25.2(a)(2) provides:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case— that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial; or

(B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2).

non Supp.2004); *Johnson v. State*, 84 S.W.3d 658, 661 n. 6 (Tex.Crim.App.2002). Once a criminal defendant invokes our jurisdiction by filing a notice of appeal, we then must determine how the appeal may proceed. Since January 1, 2003, we turn to the CORTA, not the notice of appeal, to make that determination. However, criminal defendants in Texas have rights to appeal that are neither specifically addressed in the language of rule 25.2 nor reflected in the CORTA Form. *See Carroll v. State*, 119 S.W.3d 838, 840 (Tex.App.-San Antonio 2003, no pet.) (per curiam) (noting that CORTA Form does not reflect right of defendant to appeal issues unrelated to conviction following deferred adjudication of guilt).

## B. Historical Limitations Imposed on Criminal Appeals by Former Rule 40(b)(1) and Former Rule 25.2(b)(3)

For appeals commenced before January 1, 2003, the rules of appellate procedure limited a defendant's right of appellate review following a plea entered in a felony case pursuant to an agreed punishment recommendation if "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." TEX. R.APP. P. 25.2(b)(3) (amended effective January 1, 2003);[5] *Ramirez v. State*, 89 S.W.3d 222, 225 (Tex.App.-Corpus Christi 2002, no pet.). In that event, to comply with the extra-notice requirements of former rule 25.2(b)(3), the notice of appeal must have: (1) specified that the appeal was for a jurisdictional defect; (2) specified that the substance of the appeal was raised by written motion and ruled on before trial; or (3) stated that the trial court granted permission to appeal. TEX. R.APP. P. 25.2(b)(3) (amended effective

January 1, 2003);[6] *Ramirez*, 89 S.W.3d at 225. This provision of former rule 25.2(b)(3) was incorporated in part into current rule 25.2. Nonetheless, an "agreed punishment recommendation" is still required before limitations on our review power apply.

An agreement between the State and a defendant may be a plea bargain without having as one of its terms an agreed punishment recommendation that is followed by the trial court. *Ramirez*, 89 S.W.3d at 225 n. 4. Any concession by the State in exchange for the defendant's guilty plea creates a plea bargain. *Id.* Only a plea bargain that incorporates an agreed recommendation as to punishment and is accepted by the court, however, triggers restrictions on our review power. *Id.* While rule 25.2(a)(2) explains that a "plea bargain" includes an "agreed punishment recommendation that the trial court followed," the CORTA Form does not differentiate between "plea bargain" and "agreed punishment recommendation that the trial court followed."

## C. Historical Limitations on Appellate Review of Issues Not Enumerated in Rule 25.2

### 1. Limitation on Appellate Review of Voluntariness Issue

We have no power to review an appeal by a criminal defendant of issues associated with the voluntariness of a felony plea entered pursuant to an agreed punishment recommendation that the trial court followed. *Cooper v. State*, 45 S.W.3d 77, 81 (Tex.Crim.App.2001). The court of criminal appeals reasoned:

Experience has shown us that most cases of involuntary pleas result from circumstances that existed outside the

---

5. *See* note 4.

6. *See* note 4.

record, such as misunderstandings, erroneous information, impaired judgment, ineffective assistance of counsel, and plea-bargains that were not followed or turn out to be impossible of performance. The legislature reasonably determined to eliminate a small number of meritorious appeals to prevent a much larger number of meritless appeals. This decision may be seen as even more reasonable when it is remembered that meritorious claims of involuntary pleas may be raised by other procedures: motion for new trial and habeas corpus. These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record.

*Id.* (footnote omitted).

### 2. Limitation on Appellate Review of Ineffective–Assistance–of–Counsel Issues

Current rule 25.2(a)(2) of the rules of appellate procedure—like former rule 25.2(b)(3) and its predecessor, rule 40(b)(1)—limits a defendant's right of appeal in plea-bargain cases. *Carroll*, 119 S.W.3d at 839. "In a plea bargain case— that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; or (B) after getting the trial court's permission to appeal." Tex.R.App. P. 25.2(a)(2); *see Cooper*, 45 S.W.3d at 79 (interpreting former rule 25.2(b)(3) in the same way as former rule 40(b)(1), which "forbade appeal in every plea-bargained, felony case unless one of two conditions was met: the appellant had permission of the trial court, or the appeal was from a written, pre-trial motion."); [7] *see also Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (interpreting former rule 40(b)(1) as prohibiting in plea-bargained cases appeal of nonjurisdictional defects occurring after entry of plea).

Accordingly, the court of criminal appeals has instructed that "[t]he plain import of [former rule 25.2(b)(3) ] is that appeals from plea-bargain cases are limited to the situations set forth in the rule." *Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim.App.2003). Like Chavez, Woods had pleaded guilty pursuant to an agreed punishment recommendation. *Id.* at 315. The trial court sentenced him in accordance with the plea agreement. *Id.* Woods filed a pro se general notice of appeal and a motion to withdraw his guilty plea, challenging the competency finding that resulted from a mental evaluation ordered by the trial court in response to his pre-trial motion for an examination. *Id.* Appellate counsel appointed for Woods filed an amended notice of appeal, alleging that the appeal was for jurisdictional defects and challenging both the voluntariness of Woods's guilty plea and a written pre-trial order finding him competent to stand trial. *Id.* Appellate counsel then filed an *Anders* brief and moved to withdraw as counsel. *Id.*

As required, the court of appeals conducted an independent review of the record in *Woods*. *See Penson*, 488 U.S. at 80, 109 S.Ct. 346. It concluded that an ineffective-assistance-of-counsel claim might be meritorious based on the fact that trial counsel did not file a notice of intention to raise an insanity defense or request appointment of a defense mental health expert. *Woods*, 108 S.W.3d at 315 (citing

7. *See* note 4.

*Woods v. State,* 59 S.W.3d 833 (Tex.App.-Texarkana 2001)). The court of appeals granted the motion to withdraw, abated the appeal, and remanded the case for appointment of new appellate counsel. *Woods,* 108 S.W.3d at 315. Not surprisingly, new appellate counsel filed an appellate brief claiming that trial counsel was ineffective in failing to either file notice of an insanity defense or request appointment of a defense expert. *Id.* The court of appeals sustained the second issue. *Id.* The court of criminal appeals reversed, holding that the extra-notice recitations in the notice of appeal required by former rule 25.2(b)(3) must be true and supported by the record. *Id.* at 316. The court concluded:

> The plain import of the rule is that appeals from plea-bargain cases are limited to the situations set forth in the rule. Consequently, a court of appeals is not authorized to address points of error that do not fall within one of the categories listed in [former] Rule 25.2(b)(3). While appellant's amended notice of appeal makes at least one extra-notice allegation, lack of jurisdiction, his brief does not raise a jurisdictional claim. The other two allegations—voluntariness of the plea and appeal of a written pre-trial order finding appellant competent—do not state grounds cognizable under Rule 25.2(b)(3), but even if they did, the ineffective assistance claims alleged in the brief do not fall within either of these categories. We conclude that the Court of Appeals erred in considering appellant's ineffective assistance allegations.

*Id.* at 82, 109 S.Ct. 346 [footnote omitted]. The court noted that it has held that plea-bargaining defendants may not appeal the voluntariness of their pleas. *Id.* at n. 6, 109 S.Ct. 346 (citing *Cooper,* 45 S.W.3d at 77). With regard to Woods's claims on appeal, the court of criminal appeals reasoned:

> As for the appeal of the trial court's written order finding appellant competent, the notice does not allege that appellant's incompetency was a matter raised by written *motion* and ruled upon before trial. And the record would not substantiate such a recitation: appellant filed written motions for psychiatric examinations and those motions were granted. Whether appellant was actually competent to stand trial was ruled upon by written order but was never advanced in a written motion.

*Woods,* 108 S.W.3d at 316 n. 6. As a consequence, the court remanded the case for proceedings consistent with the opinion. *Id.* at 316. However, criminal defendants in Texas enjoy certain rights of appeal that are neither enumerated in rule 25.2, referenced in the CORTA Form, nor addressed in *Woods.*

### D. Historical Rights of Appeal Not Enumerated in Rule 25.2 or Referenced in the CORTA Form

#### 1. Appeal Following Revocation of Regular Community Supervision

There are two kinds of community supervision. "Regular" community supervision means placing a defendant under a continuum of programs and sanctions for a specified period after conviction and sentencing, during which period imposition of sentence is suspended in whole or in part. Tex.Code Crim. Proc. Ann. art. 42.12, § 2(2) (Vernon Supp.2004). "Deferred adjudication" community supervision means placing a defendant under a continuum of programs and sanctions for a specified period before adjudicating guilt and, consequently, before sentencing. *Id.* Beginning with the imposition of terms and conditions, regular and deferred adjudication commu-

nity supervision proceed in the same way through notice of revocation, culminating in a revocation hearing. TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 3, 5(b), 21, 23 (Vernon Supp.2004).

▆▆▆ An appeal from imposition of regular community supervision must be taken at the time the trial court imposes the terms and conditions. *Corley v. State*, 782 S.W.2d 859, 860 (Tex.Crim.App.1989). In a felony appeal concluded before January 1, 2003, former rule 25.2(b)(3) required the defendant to file a particularized notice of appeal when challenging the imposition of regular community supervision pursuant to an agreed punishment recommendation that the trial court followed. *See* TEX. R.APP. P. 25.2(b)(3) (amended effective January 1, 2003)[8]; *Manuel v. State*, 994 S.W.2d 658, 661 (Tex.Crim.App.1999) (and cited cases).

Similarly, a defendant also must have appealed the trial court's imposition of deferred adjudication community supervision at the time it was ordered. TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.2004); *Nix v. State*, 65 S.W.3d 664, 667 (Tex.Crim.App.2001); *Manuel*, 994 S.W.2d at 661–62. As with an appeal from imposition of regular community supervision, former rule 25.2(b)(3) required a felony defendant to file a particularized notice of appeal when challenging the imposition of deferred adjudication community supervision pursuant to an agreed punishment recommendation that the trial court followed.[9] *Woods v. State*, 68 S.W.3d 667, 669 (Tex.Crim.App.2002) (and cited cases).

Despite these limitations, however, section 23(b) of article 42.12 of the code of criminal procedure affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community supervision was the result of an agreed punishment recommendation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.2004); *Feagin v. State*, 967 S.W.2d 417, 419 (Tex.Crim. App.1998); *Mitich v. State*, 47 S.W.3d 137, 140 (Tex.App.-Corpus Christi 2001, no pet.). The restrictive proviso of former rule 25.2(b)(3) did not apply to a pre-January 1, 2003 appeal "attacking the propriety of orders revoking probation." *See Feagin*, 967 S.W.2d at 419 (interpreting former rule 40(b)(1), which was amended and replaced in 1997 by former rule 25.2(b)(3)). A defendant appealing from revocation of regular community supervision did not appeal from a judgment rendered on a plea of guilty or nolo contendere under article 1.15 of the code of criminal procedure. *See* TEX.R.APP. P. 25.2(b) (amended effective January 1, 2003).[10] A plea of true is not "a plea of guilty or nolo contendere under article 1.15 of the code of criminal procedure." *See id.* In such circumstances, the agreed punishment recommendation that the defendant and the State entered into was complete when the trial judge originally placed the defendant on community supervision, and section 23(b) of article 42.12 governs appeals from revocation of regular community supervision, not former rule 25.2(b)(3). *See Feagin*, 967 S.W.2d at 419. Thus, an appeal concluded before January 1, 2003 proceeded without limitation on our power to review any errors raised by the appellant with regard to a regular community supervision revocation proceeding, even a revocation pursuant to an agreed punishment recommendation.[11] *See id.; see also Mi-*

---

8. *See* note 4.

9. *See* note 4.

10. *See* note 4.

11. Similarly, neither former rule 40(b)(1) nor former rule 25.2(b)(3) imposed limitations on notices of appeal following misdemeanor pleas entered pursuant to an agreed punish-

*tich,* 47 S.W.3d at 140. Neither rule 25.2(a)(2) nor the CORTA Form references the right to appeal from revocation of community supervision.

### 2. Appeal of Issues Unrelated to Conviction Following Adjudication and Revocation of Deferred Adjudication Community Supervision

■ The process for revoking deferred adjudication community supervision is the same as revocation proceedings in regular community supervision cases. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 21, 23(a) (Vernon Supp.2004). However, the resemblance between deferred adjudication and regular community supervision revocation proceedings ends there. The distinction arises from the trial court's deferral of a finding of guilt when imposing deferred adjudication community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.2004). Section 5(b) of article 42.12 strictly limits appeal from the revocation of deferred adjudication community supervision. *Id.* The code of criminal procedure expressly denies a defendant the right to appeal a trial court's adjudication decision:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. **No appeal may be taken from this determination.** After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

*Id.* (emphasis added). Thus, revocation of deferred adjudication community supervision involves a component that proceedings revoking regular community supervision do not: the adjudication decision. *Issa v. State,* 826 S.W.2d 159, 161 (Tex. Crim.App.1992) (per curiam). Section 5(b) of article 42.12 prohibits a defendant who has been adjudicated guilty of the original charge from raising on appeal contentions of error in the adjudication decision. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex. Crim.App.1999). The court of criminal appeals has made it clear, "given the plain meaning" of section 5(b) of article 42.12, that an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge may not raise on appeal contentions of error in the adjudication-of-guilt process. *Id.* Included within the term "adjudication-of-guilt process" are challenges to sufficiency of the notice contained in the terms and conditions of de-

ment recommendation. *See* TEX.R.APP. P. 40(b)(1) (repealed); TEX.R.APP. P. 25.2(b)(3) (amended effective January 1, 2003); *see also Lemmons v. State,* 818 S.W.2d 58, 63 (Tex. Crim.App.1991) (per curiam) (interpreting former rule 40(b)(1)); *Alvorado v. State,* 83 S.W.3d 203, 204 (Tex.App.-Amarillo 2002, no pet.) (holding that defendant appealing misdemeanor conviction entered as result of plea pursuant to agreed punishment recommendation not limited by particularized notice requirements of former rule 25.2(b)(3) but that court of appeals nonetheless lacked jurisdic-

tion because proviso of article 44.02 still applied to limit appeals from misdemeanor pleas). We note that former rules 40(b)(1) and 25.2(b)(3) specifically referred to pleas entered pursuant to article 1.15, which governs pleas in non-capital felony cases. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 2004). *See* note 4. We express no opinion at this time about the effect of the removal of any reference to rule 1.15 from current rule 25.2(a)(2). TEX.R.APP. P. 25.2(a)(2). *See* note 4.

ferred adjudication probation, adequacy of the State's notice of violation, and sufficiency of the evidence to support the trial court's revocation decision. *See id.* (and cited cases).

Further, for the purpose of applying former rule 25.2(b)(3), when a prosecutor recommended deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial court did not exceed that recommendation if, on proceeding to an adjudication of guilt, the court later assessed any punishment within the range allowed by law. *Vidaurri v. State,* 49 S.W.3d 880, 885 (Tex.Crim.App. 2001) (citing *Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996)).[12] Thus, former rule 25.2(b)(3) limited our review power over an appeal brought after an adjudication of guilt by a defendant placed on deferred adjudication community supervision pursuant to an agreed punishment recommendation. TEX.R.APP. P. 25.2(b)(3) (amended effective January 1, 2003); TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.2004); TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.2004); *Woods,* 68 S.W.3d at 669 (and cited cases).

■ However, the extra-notice requirements of former rule 25.2(b)(3) did not apply to an appeal from a judgment adjudicating guilt when the issues raised by the appeal were unrelated to the conviction. *See Kirtley v. State,* 56 S.W.3d 48, 51–52 (Tex.Crim.App.2001) (allowing appeal of issues related to punishment phase following adjudication of guilt). Once the trial court adjudicates the guilt of a defendant on deferred adjudication community supervision, the assessment of punishment, pronouncement of sentence, and the defen-

dant's appeal continue as if the trial court had no deferred the adjudication. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004). Thus, a defendant may appeal from a judgment adjudicating guilt when the issues raised by the appeal relate not to the adjudication decision but to the punishment phase. *See id.; see also Kirtley,* 56 S.W.3d at 51–52 (addressing claim of ineffective assistance of counsel at punishment phase following adjudication of guilt). Consequently, a defendant was not required to comply with the extra-notice provisions of former rule 25.2(b)(3) to challenge issues unrelated to the conviction, including asserted punishment errors. *Vidaurri,* 49 S.W.3d at 883; *Carroll,* 119 S.W.3d at 839; *see May v. State,* 106 S.W.3d 375, 376 n. 4 (Tex.App.-Corpus Christi 2003, no pet.) (applying *Vidaurri* to appeal commenced after January 1, 2003 to hold requirements of current rule 25.2(a)(2) inapplicable to claim of error in misapplication of mandatory sentencing statute). Neither rule 25.2(a)(2) nor the CORTA Form references an adjudicated defendant's right to appeal issues unrelated to the conviction following the adjudication of guilt.

### 3. Appeal of Jurisdictional Defects

■ Rule 25.2 omits any reference to a plea-bargaining defendant's right to appeal jurisdictional defects, a right both former rule 40(b)(1) and former rule 25.2(b)(3) expressly recognized, although with different language.[13] *See* TEX.R.APP. P. 25.2(a)(2). However, "both bargaining and non-bargaining defendants can appeal jurisdictional issues." *Monreal v. State,* 99 S.W.3d 615, 620 (Tex.Crim.App.2003).

---

**12.** The court of criminal appeals limited *Watson* to this proposition in *Vidaurri v. State,* 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001) and *Feagin v. State,* 967 S.W.2d 417, 418 (Tex. Crim.App.1998).

**13.** *See* note 4.

Neither rule 25.2(a)(2) nor the CORTA Form references every defendant's right on appeal to challenge the trial court's jurisdiction.

### 4. Appeal of Illegality of Unauthorized Sentence

A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Perez v. State*, 129 S.W.3d 282, 289 (Tex. App.-Corpus Christi 2004, no pet. h.) (citing *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App.2003)). Unlike most trial errors, which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *Perez*, 129 S.W.3d at 289 (citing *Mizell*, 119 S.W.3d at 806 n. 6). Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *Mizell*, 119 S.W.3d at 806. Neither rule 25.2(a)(2) nor the CORTA Form references a plea-bargaining defendant's right to appeal the legality of an unauthorized sentence.

### E. Scope of Independent Review Power

Accordingly, given that appellate rule 25.2 must not "abridge, enlarge, or modify" the substantive rights of a defendant, rule 25.2's certification requirement must not extinguish limited rights to appeal previously recognized under the law. Concomitantly, the scope of our independent *Anders* review is not confined by the express terms of either rule 25.2 or the CORTA Form. Rather, our independent review also encompasses other arguable issues not recognized by either rule 25.2 or the CORTA Form.

In reaching this conclusion, we reiterate that we recognize that the court of criminal appeals has instructed us that "[t]he plain import of [former rule 25.2(b)(3) ] is that appeals from plea bargain cases are limited to the situations set forth in the rule. Consequently, a court of appeals is not authorized to address points of error that do not fall within one of the categories listed in [former rule 25.2(b)(3) ]." *Woods*, 108 S.W.3d at 316. However, *Woods* neither overruled nor addressed substantive exceptions to former rule 25.2 embodied in precedent issued by the court of criminal appeals. Moreover, *Woods* concerned the extra-notice recitations for the notice of appeal explicitly required by former rule 25.2(b)(3).[14] The issues we now must address concern rights of appeal identified on the CORTA Form as well as in the language of rule 25.2. As discussed above, the CORTA Form excludes certain limited rights to appeal that plea-bargaining defendants continue to enjoy in Texas. We conclude that the court of criminal appeals did not intend its suggested CORTA Form to abridge a criminal defendant's substantive rights. Accordingly, we hold that the scope of our independent review under *Anders* is not confined by the terms of either rule 25.2 or the CORTA Form. Rather, the scope of our independent review includes any arguable grounds that might support an appeal, which by definition includes limited rights to appeal previously recognized by law.

We conclude that the Texas Court of Criminal Appeals has authorized us in appeals following negotiated guilty pleas to address issues that assert: (1) errors in regular community supervision revocation proceedings; (2) errors unrelated to the conviction following adjudication and revocation of deferred adjudication community supervision; (3) jurisdictional defects; (4)

14. *See* note 4.

matters raised by written motion ruled on before trial; (5) matters for which the trial court has granted permission to appeal; and (6) the legality of the sentence imposed as unauthorized. *See Feagin,* 967 S.W.2d at 419 (revocation of regular community supervision); *see also Kirtley,* 56 S.W.3d at 51–52 (errors unrelated to conviction following deferred adjudication of guilt); *Monreal,* 99 S.W.3d at 620 (jurisdictional defects); *Woods,* 108 S.W.3d at 316 (matters raised by pre-trial motions; permissive appeals); *Mizell,* 119 S.W.3d at 806 (legality of unauthorized sentence).

Accordingly, we also hold that our independent review of the record under *Anders* and *Penson* in an appeal following a guilty plea first must determine whether the plea was entered pursuant to an agreed punishment recommendation that the trial court followed. *See, e.g., Perez,* 129 S.W.3d at 286. If the appeal is from a negotiated guilty plea, we hold that the scope of our duty under *Anders* and *Penson* to review the record independently requires us to examine the record: (1) in an appeal following revocation of regular community supervision, for any error in the revocation proceeding; (2) in an appeal following a deferred adjudication of guilt, for errors unrelated to the conviction; (3) for jurisdictional defects in all cases; (4) for matters raised by written motion ruled on before trial in all cases; (5) for all matters the trial court has granted permission to appeal; and (6) in all cases, the legality of the sentence imposed as authorized by law. *See Perez,* 129 S.W.3d at 288 (finding that independent review of record in *Anders* appeal following guilty plea entered without benefit of punishment recommendation includes: (1) potential jurisdictional defects; (2) voluntariness of plea; (3) error that is not independent of and supports judgment of guilt; and (4) potential error occurring after guilty plea).[15]

## F. Compliance in Substance as Well as Form

 Finally, we hold that our duty to review the record independently in *Anders* cases requires us to determine that the record substantiates that the defendant has no right of appeal if the trial court's CORTA so reflects.[16] It was not enough

---

**15.** For another example of the scope of this Court's independent review of the record in an *Anders* appeal following a guilty plea, see *Benegas v. State,* No. 13–03–104–CR, 2004 Tex.App. LEXIS 2260, at *6 (Tex.App.-Corpus Christi March 11, 2004, no pet. h.) (not designated for publication) (limiting independent review of record to errors unrelated to conviction in appeal following adjudication of guilt and deferred probation revocation). Compare *Jeffery v. State,* No. 13–03–381–CR, 2004 Tex.App. LEXIS 2276, at *4–*24 (Tex.App.-Corpus Christi March 11, 2004, no pet. h.) (not designated for publication) (performing independent review of entire record in appeal of conviction following jury trial).

**16.** For recognition by our sister courts of appeals that a trial court's certification of no right of appeal must be supported by the record, *see, e.g., Banda v. State,* No. 01–03–00432–CR, 2004 Tex.App. LEXIS 3272, at *2 (Tex.App.-Houston [1st Dist.] April 8, 2004, no pet. h.) (per curiam) (not designated for publication) ("The trial court's certification of appellant's right to appeal states that this is a plea-bargained case and appellant has no right to appeal. The record supports the certification."); *Johnson v. State,* No. 01–04–00202–CR, 2004 WL 744818, at *1, 2004 Tex.App. LEXIS 3284, at *1–*2 (Tex.App.-Houston [1st Dist.] April 8, 2004, no pet. h.) (per curiam) (not designated for publication)(same); *Zavala v. State,* No. 04–04–00042–CR, 2004 WL 730744, at *1, 2004 Tex.App. LEXIS 3097, at *1 (Tex.App.-San Antonio April 7, 2004, no pet. h.) (per curiam) (not designated for publication) ("The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the clerk's record supports the trial court's certification that defendant has no right of appeal."); *Rodriguez v. State,* No. 04–03–00204–CR, 2004 WL

that the form of a notice of appeal filed before January 1, 2003 comply with the extra-notice requirements of former rule 25.2(b)(3). *Flores v. State,* 43 S.W.3d 628, 629 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Sherman v. State,* 12 S.W.3d 489, 492 (Tex.App.-Dallas 1999, no pet.). The record must have substantiated the specific allegations in the notice of appeal. *See Woods,* 108 S.W.3d at 316 (requiring that record substantiate extra-notice provisions of former rule 25.2(b)(3)); *see also Flores,* 43 S.W.3d at 629; *Betz v. State,* 36 S.W.3d 227, 228 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Thus, the record must have substantiated a lack of jurisdiction in the trial court if an appellant specified in the notice of appeal pursuant to former rule 25.2(b)(3) that the appeal was for jurisdictional defects. *Woods,* 108 S.W.3d at 314; *Betz,* 36 S.W.3d at 228. Similarly, the record must have contained written motions ruled on before trial if an appellant specified in the notice of appeal that the appeal was pursuant to former rule 25.2(b)(3)(B), and it must have substantiated that the trial court had given permission to appeal if the notice reflected that the appeal was pursuant to former rule 25.2(b)(3)(C). *Betz,* 36 S.W.3d at 228.

Thus, we also hold that each record in *Anders* cases now must substantiate the specific grounds for appeal identified in the CORTA as well as substantiate any certification that the appellant has no right of appeal. *See Waters v. State,* 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, no pet.) ("Despite the trial court's certification [that the appellant had the right to appeal], we believe the Rule 25.2 requirements recited in a certification must be true and supported by the rec-

ord."). With our duty under *Anders* and *Penson* firmly in mind, we turn to our disposition of these appeals.

## III. DISPOSITION

### A. *Anders* Brief

Chavez's court-appointed appellate counsel has certified that: (1) he diligently reviewed the records for reversible error; (2) in his opinion, the appeals are without merit; (3) he served a copy of the brief on Chavez and informed him of his right to review the records; and (4) he informed Chavez of his right to file a pro se brief on his own behalf. *See id.; see also High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978); *McMahon v. State,* 529 S.W.2d 771, 772 (Tex.Crim.App.1975); *Johnson v. State,* 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd) (per curiam). Pursuant to our order, counsel also provided Chavez copies of the records.

▉▉▉ An *Anders* brief must provide references to both legal precedent and pages in the record to demonstrate why there are no arguable grounds to be advanced. *High,* 573 S.W.2d at 812. Counsel's brief advances the ineffectiveness of trial counsel as an arguable issue. Counsel also professionally evaluates the records and demonstrates why this arguable issue is without merit. *See Currie v. State,* 516 S.W.2d 684, 684 (Tex.Crim.App. 1974). With relevant citation to legal precedent and the records, counsel professionally evaluates the pre-trial proceedings, the admonishments in the record, and the plea proceedings. We do not interpret *Anders* as requiring appointed counsel to make arguments counsel would not consid-

57048, at *1, 2004 Tex.App. LEXIS 326, at *3 (Tex.App.-San Antonio Jan.14, 2004, no pet.) (per curiam) (not designated for publication) ("The clerk's record does not contain a written motion ruled on before trial nor does it

indicate the trial court granted Rodriguez permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case and Rodriguez does not have the right to appeal.").

er worthy of inclusion in a brief for a paying client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. *See id.* We hold that counsel's brief is not the "conclusory statement" decried by *Anders. See id.*

We turn to our independent review of the record. *See Penson,* 488 U.S. at 80, 109 S.Ct. 346; *see also Ybarra v. State,* 93 S.W.3d 922, 926 (Tex.App.-Corpus Christi 2002, no pet.). We note that Chavez does not appeal from a revocation proceeding or from a deferred adjudication of guilt.

### B. Independent Review of Record

 Our review of the record reveals that the "plea bargains" in these cases incorporated agreed punishment caps of thirty years in both cases and were accepted by the trial court. The agreements were recommendations as to punishment and, on acceptance by the trial court, triggered the restrictions on our review power contained in rule 25.2(a)(2). *See* Tex. R.App. P. 25.2(a)(2); *see also Perez,* 129 S.W.3d at 286–87(discussing characteristics of agreed punishment recommendations).

#### 1. Jurisdictional Defects

On reviewing the indictments in both cases, we find that each conferred jurisdiction on the trial court. *See Monreal,* 99 S.W.3d at 620. We find no reversible jurisdictional error. Accordingly, the records in these cases do not support exercise of our limited review power with regard to jurisdictional defects.

#### 2. Pre–Trial Motions and Rulings

We note that Chavez filed pre-trial motions in each case. However, no order or ruling, either explicit or implicit, appears in the record. We also note that the trial court accepted Chavez's guilty pleas on January 13, 2002 and found him guilty in both cases. In addition to pre-trial discov-

ery motions and motions to suppress evidence filed by trial counsel before the plea proceedings, Chavez filed on January 24, 2003 a pro se motion to withdraw his plea to the murder charge, claiming denial of access to the consulate of his native country. At sentencing on February 18, 2003, trial counsel announced, "[He] has made me aware that he is not wanting to withdraw his plea, he just wants the Court to consider what happened and what the events that led up to this murder, and Your Honor's decision on what punishment to set." The trial court ruled that it would not allow Chavez to withdraw his plea, then pronounced sentence in both cases within the agreed caps. Chavez's motion to withdraw his plea in the murder case, coming as it did after the trial court accepted his guilty pleas but before sentencing, is not a "written motion filed and ruled on before trial." *See* Tex.R.App. P. 25.2(a)(2)(A); *see also Zapata v. State,* 121 S.W.3d 66, 70 (Tex.App.-San Antonio 2003, pet. ref'd) ("A motion to withdraw filed after the plea has been entered does not affect the defendant's agreement regarding the recommended punishment or the applicability of [former rule 25.2(b)(3) ]."). Accordingly, the records in these cases do not support exercise of our limited power to review "matters raised by written motion filed and ruled on before trial." *See* Tex.R.App. P. 25.2(a)(2)(A).

#### 3. Permissive Appeal

The records do not reflect that the trial court gave Chavez permission to appeal in either case. *See* Tex.R.App. P. 25.2(a)(2)(B). To the contrary, the trial court's certifications state that Chavez has no right of appeal. Accordingly, the records in these cases do not support exercise of our limited power to review matters that Chavez had the trial court's permis-

sion to appeal. *See* TEX.R.APP. P. 25.2(a)(2)(B).

#### 4. *Legality of Sentence*

The concurrent thirty-year sentences imposed in both cases are within the range allowed by law for first-degree felonies and are not illegal.[17] *See Mizell,* 119 S.W.3d at 806. Accordingly, the records in these cases do not support exercise of our limited power to review an illegal sentence.

#### 5. *Waiver by Guilty Plea*

■ *Anders* counsel has raised an arguable claim of ineffective assistance of counsel, and Chavez has asserted that his pleas were involuntary. However, Chavez waived in each case any appeal based on the ineffective assistance of counsel or the voluntariness of his plea when he pleaded guilty to a felony pursuant to an agreed punishment recommendation. *See Woods,* 108 S.W.3d at 316. The proper vehicle for ineffectiveness and voluntariness issues is a collateral attack that permits the development of facts concerning the claims. *Jackson v. State,* 877 S.W.2d 768, 773 (Tex. Crim.App.1994).[18]

After independently reviewing the records to determine if they presents any grounds for appeal, we conclude that Chavez's appeals are frivolous and without merit. The records do not substantiate that Chavez has any right of appeal in either case. *See Woods,* 108 S.W.3d at 316. It follows, therefore, that the records do not, and cannot, contain CORTAs showing that Chavez has the right of appeal in these cases. *See* TEX.R.APP. P. 25.2(d). No amendment or supplementation of the CORTAs is required to accurately reflect Chavez's right of appeal. *See* TEX.R.APP. P. 25.2(f), 37.1. Accordingly, we dismiss these appeals. *See* TEX.R.APP. P. 25.2(d).

### C. Motion to Withdraw

■ An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Moore v. State,* 466 S.W.2d 289, 291 n. 1 (Tex.Crim. App.1971); *see Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (noting that *Anders* brief should be filed with request for withdrawal from case). Counsel in these cases has not requested to withdraw from further representation of Chavez on appeal. If counsel wishes to file a motion to withdraw, he must file the motion no later than fifteen days from the date of this opinion.

We order counsel to advise Chavez promptly of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App.1997).

---

17. *See* note 3; *see also* TEX. PEN CODE ANN. § 12.32 (Vernon 2003) (providing sentence for first-degree felony "for any term of not more than 99 years or less than 5 years").

18. In his pro se brief, Chavez directs our attention to the clerk's record of the plea agreements, which reflect as a term of the agreements that the "State will not indict [Chavez's] wife on drugs in his home." He argues that this condition evidences that his plea was coerced. However, nothing in this record suggests that the State did not abide by its agreement or that Chavez would not have pleaded guilty in the absence of the agreement not to prosecute. *See Martinez v. State,* 109 S.W.3d 800, 803 (Tex.App.-Corpus Christi 2003, no pet.) (overruling ineffectiveness issue on record devoid of evidence appellant would have pleaded not guilty had it not been for counsel's alleged ineffectiveness).