NUMBER 13-99-724-CR AND 13-99-725-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
NOE RUIZ DELEON,                                                                    Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 347th District Court
of Nueces County, Texas.




M E M O R A ND U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
                              Opinion by Chief Justice Valdez
         In Cause No. 13-99-00724-CR,


 appellant, Noe Ruiz De Leon, was indicted as
a habitual felony offender for the state jail felony of unlawful possession of heroin. 
Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). In Cause No. 13-99-00725-CR,


 appellant was indicted for the state jail felony of possession of heroin. 
See id. In each cause, appellant pleaded guilty pursuant to a plea bargain and received
a two-year state jail sentence. The punishments assessed did not exceed the
sentences recommended by the prosecutor and agreed to by the appellant. The
sentences were ordered to run concurrently. Appellant filed pro se notices of appeal
in each cause.
         The trial court certified that each case “is a plea bargain case and the defendant
has NO right of appeal.” See Tex. R. App. P. 25.2(a)(2). We conclude that these
appeals are frivolous and without merit. We dismiss these appeals.
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
Anders Briefs
         Appellant’s counsel has filed briefs in which he concludes that these appeals are
wholly frivolous and without merit. The briefs meet the requirements of Anders v.
California, 386 U.S. 738 (1967), as they present professional evaluations regarding
why there are no arguable grounds for advancing appeals in these cases. See Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In compliance with High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully
discussed why, under the controlling authorities, there are no errors in the trial court’s
judgments. See id. at 813. 
         After reviewing counsel’s briefs, the Court noted they did not show that counsel
had informed appellant that he had the right to review the records and file briefs on his
own behalf. Accordingly, we abated the appeals to allow counsel to notify appellant
of his rights. Counsel has certified his compliance with this Court’s order. If appellant
wished to file any pro se briefs, they were to be filed within sixty days. More than
sixty days have passed, and no such briefs have been filed. 
         Pursuant to rule 25.2(d), an appeal must be dismissed if, as in the instant cases,
a certification showing the right to appeal has not been made part of the record. See
Tex. R. App. P. 25.2(d). Nevertheless, the certifications showing no right to appeal do
not eliminate our duty to perform an independent review of the records upon receipt
of the Anders briefs. Chavez v. State, Nos. 13-03-174-CR & 13-03-175-CR, 2004
Tex. App. LEXIS 5100, at *3 (Tex. App.–Corpus Christi June 10, 2004, no pet. h.)
(designated for publication); see Penson v. Ohio, 488 U.S. 75, 80 (1988) (upon receipt
of “frivolous appeal” brief, appellate courts must conduct “full examination of all the
proceeding[s] to decide whether the case is wholly frivolous”) .
Independent Review of the Record
         In our independent review of the record under Anders and Penson in an appeal
following a guilty plea, we first determine if the appellant executed a valid waiver of
the right to appeal. Escochea v. State, No. 13-01-761-CR, 2004 Tex. App. LEXIS
5366, at *32 (Tex. App.–Corpus Christi June 17, 2004, no pet. h.). After examining
the records, we conclude that appellant did not waive his right to appeal. Our review
of the records also reveals that the plea bargains in these cases incorporated agreed
recommendations as to punishment that were accepted by the trial court. See Tex.
R. App. P. 25.2(a)(2); see also Chavez, 2004 Tex. App. LEXIS 5100, at *37. 
Accordingly, given that appellant is not appealing from a revocation or adjudication
proceeding, we examine the records: (1) for jurisdictional defects in all cases; (2) for
matters raised by written motion ruled on before trial in all cases; (3) for all matters
the trial court granted permission to appeal; and (4) in all cases, the legality of the
sentence imposed as authorized by law. Chavez, 2004 Tex. App. LEXIS 5100, at
*31-*32.
         A review of the clerks’ records reveals no arguable jurisdictional defects. The
records contain no motions ruled on before trial. The records contain no indication
that the trial court granted appellant permission to appeal. Appellant was sentenced
to two years of imprisonment, which is within the range authorized by law and is not
illegal. See Tex. Health & Safety Code Ann. § 481.115(a), (b) (Vernon 2003); Tex.
Pen. Code Ann. § 12.35 (Vernon 2003).
           We have carefully reviewed the appellate records and counsel’s briefs and have
found nothing in the records that might arguably support the appeals. We agree that
the appeals are without merit. See Stafford, 813 S.W.2d at 511.
Representation on Appeal
         An appellate court may grant counsel’s motion to withdraw in connection with
an Anders case. Counsel has requested to withdraw from further representation of
appellant. We grant counsel’s motion to withdraw and order counsel to inform
appellant of the disposition of these cases and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam); Tex.
R. App. P. 68 (governing discretionary review in the court of criminal appeals).
         Accordingly, these appeals are dismissed. 
 


                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 19th day of August, 2004.