NUMBER 13-02-579-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG




PEGGY ANN GOSSETT,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 24th District Court of DeWitt County, Texas. 




MEMORANDUM OPINION

                                      Before Justices Hinojosa, Yañez, and Baird



Memorandum Opinion by Justice Baird

        Appellant was charged by indictment with the offenses of theft and theft by
appropriating stolen property. Tex. Pen. Code Ann. § 31.03(b)(1), (2) (Vernon Supp.
2004). Appellant pled guilty to the offense of theft and the trial judge accepted the plea,
assessing punishment at six years’ confinement in the Texas Department of Criminal
Justice–Institutional Division. We dismiss.
          Appellant’s pretrial motion to suppress evidence was denied, and the case
proceeded to trial before a jury on a plea of not guilty. However, after the State rested its
case-in-chief, appellant changed her plea to guilty, waived her right to trial by jury, signed
a judicial confession, and waived her right to appeal. As part of the plea bargain
agreement, appellant executed documents stating that, in exchange for appellant’s plea
of guilty, the State would not seek more than six years incarceration. Additionally, in
exchange for the waiver of appeal, the State agreed to dismiss with prejudice two other
pending indictments.


 The trial judge accepted the plea and subsequently assessed
punishment, pursuant to the plea bargain agreement, at six years’ confinement. Appellant
filed a notice of appeal and subsequently filed an amended notice of appeal seeking to
appeal the denial of the pretrial motion to suppress. The trial judge entered an order
stating he had not given permission to appeal.
          The 2003 amendments to the Texas Rules of Appellate Procedure require the trial
court to certify a defendant’s right of appeal. See Tex. R. App. P. 25.2(a)(2). On January
15, 2004, we abated this appeal to give the trial court an opportunity to file the certification
order. We received the trial court’s certification on January 30, 2004. See Tex. R. App. P.
25.2(d). The certification order states that this “is a plea bargain case, and the defendant
has NO right of appeal.”
          Counsel has filed an Anders brief. Anders v. California, 386 U.S. 738, 744 (1967).
We find counsel has presented a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. 1978). Counsel informed the Court that he served appellant with a copy of the
brief and advised her of her right to file a pro se brief. More than thirty days have passed,
and appellant has not filed any pro se brief. See Anders, 386 U.S. at 744-45; see also
High, 573 S.W.2d at 813.  
          Pursuant to rule 25.2(d), an appeal must be dismissed if, as in the instant case, a
certification showing the right to appeal has not been made part of the record. See Tex.
R. App. P. 25.2(d). Nevertheless, the certification showing no right to appeal does not
eliminate our duty to perform an independent review of the record upon receipt of an
Anders brief. Chavez v. State, Nos. 13-03-174-CR & 13-03-175-CR, 2004 Tex. App.
LEXIS 5100, at *3 (Tex. App.–Corpus Christi June 10, 2004, no pet. h.) (designated for
publication); see Penson v. Ohio, 488 U.S. 75, 80 (1988) (upon receipt of “frivolous appeal”
brief, appellate courts must conduct “full examination of all the proceeding[s] to decide
whether the case is wholly frivolous”) .
          Article 44.02 of the Texas Code of Criminal Procedure provides a defendant the
right to appeal. Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979 & Supp. 2004). 
However, article 1.14 of the same code provides that a defendant in a non-capital felony
case may waive any right secured to her by law. Tex. Code Crim. Proc. Ann. art. 1.14
(Vernon Supp. 2004). As noted above, as part of her plea bargain, appellant signed a
waiver of her right of appeal. The validity of this waiver has not been challenged by either
counsel for appellant, or appellant pro se. Therefore, she may not appeal without the
consent of the trial court. Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003);
Blanco v. State, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); Escochea v. State, No. 13-01-761-CR, 2004 Tex. App. LEXIS 5366, at *3 (Tex. App.–Corpus Christi June 17, no pet.
h.). The clerk's record affirmatively demonstrates that the trial judge did not give appellant
permission to appeal. 
          Upon receiving a frivolous appeal brief, the appellate courts must conduct a “full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson,
477 U.S. at 80. We have carefully reviewed the record and counsel’s brief. The record
shows that appellant waived her right to appeal by written waiver. We find nothing in the
record that might arguably support this appeal. See Escochea, 2004 Tex. App. LEXIS
5366, at *31.
         An appellate court may grant counsel’s motion to withdraw in connection with
an Anders case. Counsel has requested to withdraw from further representation of
appellant. We grant counsel’s motion to withdraw and order counsel to inform
appellant of the disposition of this case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam); Tex.
R. App. P. 68 (governing discretionary review in the court of criminal appeals).
         This appeal is dismissed.

                                                                                      
                                                                                      CHARLES F. BAIRD
                                                                                      Justice



Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed
this the 26th day of August, 2004.