

NUMBER 13-19-00334-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ISAAC SAUCEDA,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

On appeal from the 319th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Longoria**

Appellant Isaac Sauceda attempts to appeal his conviction for bail jumping and

failure to appear, a felony offense. *See* TEX. PENAL CODE ANN. § 38.10(f).   The trial court

has certified that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

On July 3, 2019, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification. Appellant's counsel failed to respond. Accordingly, we abated and remanded this cause to the trial court for a hearing to determine why counsel failed to comply with this Court's order. The trial court allowed the withdrawal of appellant's counsel and appointed new counsel.

On August 20, 2019, this Court requested appellant's newly appointed counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification. Appellant's newly appointed counsel filed a motion with the trial court requesting that court to amend the certification on grounds that appellant "claims that his plea of guilty was not voluntary and was made under duress." Counsel requested that the trial court amend appellant's certification of the right to appeal "in the interest of justice." By order signed on September 5, 2019, the trial court denied appellant's motion to amend the certification. Appellant's counsel has now filed a letter brief with this Court stating that "issues of voluntariness, duress, and effective assistance of counsel" exist in this case and requesting "that the direct appeal proceed."

2

The underlying proceedings and the record before the Court do not establish that the certification currently on file with this Court is incorrect or that appellant otherwise has a right to appeal. The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, we deny all relief sought by appellant and we dismiss this appeal. We note that appellant may be entitled to relief by filing a post-conviction writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure; however, the availability of that relief is beyond the jurisdiction of this Court. *See Chavez v. State*, 139 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2004) ("The proper vehicle for ineffectiveness and voluntariness issues is a collateral attack that permits the development of facts concerning the claims."), *aff'd*, 183 S.W.3d 675 (Tex. Crim. App. 2006); *see also White v. State*, No. 07-19-00255-CR, 2019 WL 3484425, at *1 (Tex. App.—Amarillo July 31, 2019, no pet.) (mem. op., not designated for publication).

NORA L. LONGORIA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of September, 2019.

3