

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00895-CR

Sean **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CR-1250
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
              Irene Rios Justice
              Beth Watkins, Justice

Delivered and Filed: January 10, 2024

DISMISSED

Appellant Sean Brown entered into a plea bargain with the State, pursuant to which he pled nolo contendere to the charged offense. The trial court approved the plea bargain, found there was sufficient evidence of appellant's guilt, and found appellant guilty. Before the sentencing hearing, appellant moved to withdraw his guilty plea, which the trial court denied. The trial court thereafter imposed a sentence on September 11, 2023 in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* The clerk's record includes the written plea bargain agreement which includes a waiver of the right to appeal those matter that were raised by written motion filed and ruled on before trial. *See id.* 25.2(a)(2). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* 25.2(a)(2). The record also appears to support the trial court's certification Appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate); *see also Mathis v. State*, No. 14-11-01058-CR, 2012 WL 424879, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 9, 2012, no pet.) (appellant's refusal to sign certification does not prevent appellate court from moving forward on certification that is supported by the record); *Chavez v. State*, 139 S.W.3d 43, 59 (Tex. App.—Corpus Christi-Edinburg 2004), *aff'd on other grounds*, 183 S.W.3d 675 (Tex. Crim. App. 2006) ("The trial court ruled that it would not allow Chavez to withdraw his plea, then pronounced sentence in both cases within the agreed caps. Chavez's motion to withdraw his plea in the murder case, coming as it did after the trial court accepted his guilty pleas but before sentencing, is not a 'written motion filed and ruled on before trial.'" (quoting Tex. R. App. P. 25.2(a)(2)(A))).

We therefore ordered appellant to file a response, by November 27, 2023, establishing an amended certification showing he has the right to appeal has been made part of the appellate record. *See* Tex. R. App. P. 25.2(d), 37.1. On November 28, 2023, appellant's counsel filed a response explaining he filed a written motion with the trial court seeking to amend the certification, but the trial court denied the motion. He concluded this court therefore had "little choice but to dismiss the instant attempted appeal."

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH