NUMBER 13-01-761-CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





RENE ESCOCHEA,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 148th Judicial District Court
of Nueces County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Castillo

         Appellant Rene Escochea appeals his conviction for attempted sexual assault,
a third-degree felony.


 Escochea pleaded guilty pursuant to an agreed punishment
recommendation. On October 9, 2001, the trial court honored the plea agreement and
sentenced him to five years confinement in the Institutional Division of the Texas
Department of Criminal Justice. We conclude that Escochea's appeal is frivolous and
without merit. We dismiss. 
I. BACKGROUND
         On October 19, 2001, Escochea filed a pro se letter with the trial court
complaining of his trial counsel's representation. Construing the letter as a motion, on
October 25, 2001 the trial court denied Escochea permission to appeal. The trial court
permitted Escochea's trial counsel to withdraw and appointed appellate counsel for
him. Escochea's appellate counsel filed a brief in which counsel concludes that the
appeal is frivolous because Escochea's general notice of appeal does not confer
jurisdiction on this Court. See Anders v. California, 386 U.S. 738, 744-45 (1967). 
Counsel did not have the benefit at the time he filed the Anders brief of the court of
criminal appeals' decision in Bayless v. State, 91 S.W.3d 801 (Tex. Crim. App. 2002). 
Bayless held that: (1) a timely general notice of appeal conferred jurisdiction on this
Court; and (2) amendment of a timely filed notice of appeal was permitted any time
before the defendant's brief was filed. Bayless, 91 S.W.3d at 803 n.2.  
         Thus, Escochea's timely notice of appeal generally asserting his desire to appeal
invoked our jurisdiction. See id. The rules of appellate procedure governing
how appeals proceed in criminal cases were amended effective January 1, 2003. 
This Court applies those amended rules of appellate procedure to all cases on
appeal on the effective date of the amendments. See, e.g., Chavez v. State,
Nos. 13-03-174-CR & 13-03-175-CR, 2004 Tex. App. LEXIS 5100, at *2 (Tex.
App.–Corpus Christi June 10, 2004, no pet. h.). Accordingly, we abated the appeal
on July 21, 2003 and ordered a supplemental record to include, in compliance with
rule 25.2(a)(2), the trial court's certification of Escochea's right to appeal (a
"CORTA"). See Tex. R. App. P. 25.2(a)(2). On August 20, 2003, the trial court filed
a CORTA stating that this is a plea-bargain case, and Escochea has no right of appeal. 
On filing of the CORTA, we reinstated the case. 
         However, counsel's Anders brief did not recite that he notified Escochea of
Escochea's right to review the appellate record to determine what issues to raise in a
prospective pro se brief. See Johnson v. State, 885 S.W.2d 641, 646-47 (Tex.
App.–Waco 1994, pet. ref'd) (per curiam). Therefore, on January 5, 2004, we again
abated this appeal and ordered counsel to provide the record to Escochea. See
McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975) (abating appeal and
ordering Anders counsel to inform appellant of right to review record and file pro se
brief). On February 10, 2004, we received a letter from counsel indicating compliance
with our order. More than thirty days have elapsed since the date of counsel's letter. 
Escochea has not filed a pro se brief. 
         Rule 25.2(d) provides that we must dismiss an appeal if the CORTA does not
show that the appellant has the right of appeal. Tex. R. App. P. 25.2(d). However,
this Court, on receipt of a "frivolous appeal" brief, must perform an independent
review of the record to determine any grounds for appeal. Penson v. Ohio,
488 U.S. 75, 80 (1988) (citing Anders, 386 U.S. at 744-45). A CORTA showing no
right to appeal does not eliminate our duty to perform an independent review of the
record on receipt of an Anders brief. Chavez, 2004 Tex. App. LEXIS 5100, at *3.
We note that Escochea executed a waiver of his right to appeal when he pleaded guilty
to the offense. Accordingly, we first examine the scope of our duty to review the
record independently in an Anders case in which: (1) the appellant executed a waiver
of the right to appeal; and (2) the trial court has certified that the appellant has no
right of appeal.


 
II. SCOPE OF INDEPENDENT ANDERS REVIEW
         The legislative grant of procedural rule-making authority to the court of criminal
appeals is not unlimited: "The court of criminal appeals is granted rule making power
to promulgate rules of post-trial, appellate, and review procedure in criminal cases
except that its rules may not abridge, enlarge, or modify the substantive rights of a
litigant." See Tex. Gov't Code Ann. § 22.108(a) (Vernon Supp. 2004); Shankle v.
State, 119 S.W.3d 808, 812 (Tex. Crim. App. 2003). In fact, the court of criminal
appeals has specifically stated that a plea-bargaining defendant's right to appeal may
not be abridged, enlarged, or modified by appellate rule 25.2. See Shankle,
119 S.W.3d at 812. Accordingly, rule 25.2 certification issues should not affect an
appellant's substantive rights. Further, we conclude that the validity of a written
waiver of the right to appeal is one of the substantive issues not affected by rule 25.2
certification issues. See Perez v. State, 129 S.W.3d 282, 287-88 (Tex. App.–Corpus
Christi 2004, no pet. h.) (discussing validity of written waiver of right to appeal). 
         Indigent defendants have a constitutional right to representation on appeal. See
generally Douglas v. California, 372 U.S. 353, 357 (1963). In Anders, the United
States Supreme Court set up a "prophylactic framework" to protect the constitutional
right to counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under Anders,
a state appellate court may not refuse to provide counsel to brief and argue an indigent
criminal defendant's first appeal based on the appointed appellate attorney's
conclusory statement that the case has no merit and does not warrant the filing
of an appellate brief. Penson, 488 U.S. at 80 (citing Anders, 386 U.S.
at 744-45).  Rather, Anders mandates that appellate courts perform an independent
review of the entire record to determine whether there are any arguable grounds that
might support an appeal. See Anders, 386 U.S. at 744-45; see also Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). An appeal is not frivolous if it
presents issues that are "arguable on their merits." Anders, 386 U.S. at 744. An
appeal is "wholly frivolous" or "without merit" when it lacks "any basis in law or fact."
McCoy v. Court of Appeals, 486 U.S. 429, 438 n.10 (1988). 
         A state's appellate procedures must "afford adequate and effective appellate
review to indigent defendants." Griffin v. Illinois, 351 U.S. 12, 20 (1956). An
indigent must receive "substantial equality" compared to the legal assistance a
defendant with paid counsel would receive, although "absolute equality" is not
required. Smith v. Robbins, 528 U.S. 259, 277 n.9 (2000). Accordingly, in cases
where the CORTA shows no right to appeal, but an Anders brief has been filed, we
still must perform an independent review of the record as mandated by Anders to
safeguard the indigent defendant's rights through an "adequate and effective appellate
review." 
         Under prior law, litigants enjoyed certain limited rights to appeal that are neither
referenced in rule 25.2 nor included in the CORTA form promulgated by the Texas
Court of Criminal Appeals and provided in the appendix to the appellate rules (the
"CORTA Form"). In particular, the CORTA Form does not recognize certain rights of
appeal historically enjoyed by plea-bargaining defendants in Texas. Further, prior law
recognized that a written waiver of the right to appeal may not be valid. Accordingly,
we take this opportunity to discuss: (1) the limitations on and extent of our review
power in an appeal following a plea bargain; and (2) the scope of our Anders duty to
review the record independently when a plea-bargaining defendant has signed a waiver
of the right to appeal, and the trial court has certified that the defendant has no right
of appeal. 
A. The Right of Appeal in Criminal Cases
         Texas law provides the defendant in a criminal case a statutorily created right
of appeal. Tex. Code Crim. Proc. Ann.  art. 44.02.


 As noted above, procedural rules govern when and how an appeal may proceed but may not enlarge, abridge, or modify
a legislatively granted right of appeal. Tex. Gov't Code Ann. § 22.108 (Vernon
Supp. 2004); Johnson v. State, 84 S.W.3d 658, 661 n.6 (Tex. Crim. App. 2002). 
Once a criminal defendant invokes our jurisdiction by filing a notice of appeal, we then
must determine how the appeal may proceed. Since January 1, 2003, we turn to the
CORTA, not the notice of appeal, to make that determination. However, criminal
defendants in Texas have rights to appeal that are neither specifically addressed in the
language of rule 25.2 nor reflected in the CORTA Form. See Carroll v. State,
119 S.W.3d 838, 840 (Tex. App.–San Antonio 2003, no pet.) (per curiam) (noting
that CORTA Form does not reflect right of defendant to appeal issues unrelated to
conviction following deferred adjudication of guilt). Appellants also may challenge,
under certain circumstances, the validity of any written waiver of the right to appeal. 
See Perez, 129 S.W.3d at 287-88. Neither rule 25.2 nor the CORTA Form recognizes
an appellant's right to challenge the validity of a written waiver of the right to appeal. 
                     B. Historical Limitations Imposed on Criminal Appeals
by Former Rule 40(b)(1) and Former Rule 25.2(b)(3)

         For appeals commenced before January 1, 2003, the rules of appellate
procedure limited a defendant's right of appellate review following a plea entered in
a felony case pursuant to an agreed punishment recommendation if "the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant." Tex. R. App. P. 25.2(b)(3) (amended effective January 1,
2003);


 Ramirez v. State, 89 S.W.3d 222, 225 (Tex. App.–Corpus Christi 2002, no
pet.). In that event, to comply with the extra-notice requirements of former
rule 25.2(b)(3), the notice of appeal must have: (1) specified that the appeal was for
a jurisdictional defect; (2) specified that the substance of the appeal was raised by
written motion and ruled on before trial; or (3) stated that the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3) (amended effective January 1,
2003);


 Ramirez, 89 S.W.3d at 225. This provision of former rule 25.2(b)(3) was
incorporated in part into current rule 25.2. Nonetheless, an "agreed punishment
recommendation" is still required before limitations on our review power apply. 
         An agreement between the State and a defendant may be a plea bargain without
having as one of its terms an agreed punishment recommendation that is followed by
the trial court. Ramirez, 89 S.W.3d at 225 n.4. Any concession by the State in
exchange for the defendant's guilty plea creates a plea bargain. Id. Only a plea
bargain that incorporates an agreed recommendation as to punishment and is accepted
by the court, however, triggers restrictions on our review power. Id. While
rule 25.2(a)(2) explains that a "plea bargain" includes an "agreed punishment
recommendation that the trial court followed," the CORTA Form does not differentiate
between "plea bargain" and "agreed punishment recommendation that the trial court
followed." 
 C. Historical Limitations on Appellate Review of Issues
Not Enumerated in Rule 25.2

1. Limitation on Appellate Review of Voluntariness Issue
         We have no power to review an appeal by a criminal defendant of issues
associated with the voluntariness of a felony plea entered pursuant to an agreed
punishment recommendation that the trial court followed. Cooper v. State,
45 S.W.3d 77, 81 (Tex. Crim. App. 2001). The court of criminal appeals reasoned:
Experience has shown us that most cases of involuntary pleas result from
circumstances that existed outside the record, such as
misunderstandings, erroneous information, impaired judgment, ineffective
assistance of counsel, and plea-bargains that were not followed or turn
out to be impossible of performance. The legislature reasonably
determined to eliminate a small number of meritorious appeals to prevent
a much larger number of meritless appeals.
 
This decision may be seen as even more reasonable when it is
remembered that meritorious claims of involuntary pleas may be raised
by other procedures: motion for new trial and habeas corpus. These
procedures are not only adequate to resolve claims of involuntary pleas,
but they are superior to appeal in that the claim may be supported by
information from sources broader than the appellate record.

Id. at 82 (footnote omitted). 
2. Limitation on Appellate Review of Ineffective-Assistance-of-Counsel Issues
         Current rule 25.2(a)(2) of the rules of appellate procedure – like former
rule 25.2(b)(3) and its predecessor, rule 40(b)(1) – limits a defendant's right of appeal
in plea-bargain cases. Carroll, 119 S.W.3d at 839. "In a plea bargain case – that is,
a case in which a defendant's plea was guilty or nolo contendere and the punishment
did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant – a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial; or (B) after getting the trial court's
permission to appeal." Tex. R. App. P. 25.2(a)(2); see Cooper, 45 S.W.3d at 79
(interpreting former rule 25.2(b)(3) in the same way as former rule 40(b)(1), which
"forbade appeal in every plea-bargained, felony case unless one of two conditions was
met: the appellant had permission of the trial court, or the appeal was from a written,
pre-trial motion.");


 see also Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim.
App. 1994) (interpreting former rule 40(b)(1) as prohibiting in plea-bargained cases
appeal of nonjurisdictional defects occurring after entry of plea).  
         Accordingly, the court of criminal appeals has instructed that "[t]he plain import
of [former rule 25.2(b)(3)] is that appeals from plea-bargain cases are limited to the
situations set forth in the rule." Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim.
App. 2003). Like Escochea, Woods had pleaded guilty pursuant to an agreed
punishment recommendation. Id. at 315. The trial court sentenced him in accordance
with the plea agreement. Id. Woods filed a pro se general notice of appeal and a
motion to withdraw his guilty plea, challenging the competency finding that resulted
from a mental evaluation ordered by the trial court in response to his pre-trial motion
for an examination. Id. Appellate counsel appointed for Woods filed an amended
notice of appeal, alleging that the appeal was for jurisdictional defects and challenging
both the voluntariness of Woods's guilty plea and a written pre-trial order finding him
competent to stand trial. Id. Appellate counsel then filed an Anders brief and moved
to withdraw as counsel. Id. 
         As required, the court of appeals conducted an independent review of the record
in Woods. See Penson, 488 U.S. at 80. It concluded that an ineffective-assistance-of-counsel claim might be meritorious based on the fact that trial counsel did not
file a notice of intention to raise an insanity defense or request appointment
of a defense mental health expert. Woods, 108 S.W.3d at 315 (citing Woods v.
State, 59 S.W.3d 833 (Tex. App.–Texarkana 2001)). The court of appeals granted
the motion to withdraw, abated the appeal, and remanded the case for appointment
of new appellate counsel. Woods, 108 S.W.3d at 315. Not surprisingly, new
appellate counsel filed an appellate brief claiming that trial counsel was ineffective in
failing to either file notice of an insanity defense or request appointment of a defense
expert. Id. The court of appeals sustained the second issue. Id. The court of criminal
appeals reversed, holding that the extra-notice recitations in the notice of appeal
required by former rule 25.2(b)(3) must be true and supported by the record. 
Id. at 316. The court concluded: 
The plain import of the rule is that appeals from plea-bargain cases are
limited to the situations set forth in the rule. Consequently, a court of
appeals is not authorized to address points of error that do not fall within
one of the categories listed in [former] Rule 25.2(b)(3). While appellant's
amended notice of appeal makes at least one extra-notice allegation, lack
of jurisdiction, his brief does not raise a jurisdictional claim. The other
two allegations - voluntariness of the plea and appeal of a written pre-trial
order finding appellant competent - do not state grounds cognizable under
Rule 25.2(b)(3), but even if they did, the ineffective assistance claims
alleged in the brief do not fall within either of these categories. We
conclude that the Court of Appeals erred in considering appellant's
ineffective assistance allegations.

Id. [footnote omitted]. The court noted that it has held that plea-bargaining
defendants may not appeal the voluntariness of their pleas. Id. at n.6 (citing Cooper,
45 S.W.3d at 77). With regard to Woods's claims on appeal, the court of criminal
appeals reasoned:
As for the appeal of the trial court's written order finding appellant
competent, the notice does not allege that appellant's incompetency was
a matter raised by written motion and ruled upon before trial. And the
record would not substantiate such a recitation: appellant filed written
motions for psychiatric examinations and those motions were granted.
Whether appellant was actually competent to stand trial was ruled upon
by written order but was never advanced in a written motion. 

Woods, 108 S.W.3d at 316 n.6. As a consequence, the court remanded the case for
proceedings consistent with the opinion. Id. at 316. However, criminal defendants
in Texas enjoy certain rights of appeal that are neither enumerated in rule 25.2,
referenced in the CORTA Form, nor addressed in Woods. 
 D. Historical Rights of Appeal
Not Enumerated in Rule 25.2 or Referenced in the CORTA Form

 1. Appeal Following Revocation of Regular Community Supervision
         There are two kinds of community supervision. "Regular" community
supervision means placing a defendant under a continuum of programs and
sanctions for a specified period after conviction and sentencing, during which period
imposition of sentence is suspended in whole or in part. "Deferred adjudication"
community supervision means placing a defendant under a continuum of programs and
sanctions for a specified period before adjudicating guilt and, consequently, before
sentencing. Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2) (Vernon Supp. 2004). 
Beginning with the imposition of terms and conditions, regular and deferred
adjudication community supervision proceed in the same way through notice of
revocation, culminating in a revocation hearing. Tex. Code Crim. Proc. Ann.
art. 42.12, §§ 3, 5(b), 21, 23 (Vernon Supp. 2004). 
         An appeal from imposition of regular community supervision must be taken at
the time the trial court imposes the terms and conditions. Corley v. State,
782 S.W.2d 859, 860 (Tex. Crim. App. 1989). In a felony appeal concluded before
January 1, 2003, former rule 25.2(b)(3) required the defendant to file a particularized
notice of appeal when challenging the imposition of regular community supervision
pursuant to an agreed punishment recommendation that the trial court followed. See
Tex. R. App. P. 25.2(b)(3) (amended effective January 1, 2003)


; Manuel v. State,
994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (and cited cases). 
         Similarly, a defendant also must have appealed the trial court's imposition
of deferred adjudication community supervision at the time it was ordered. Tex.
Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp. 2004); Nix v. State,
65 S.W.3d 664, 667 (Tex. Crim. App. 2001); Manuel, 994 S.W.2d at 661-62. 
As with an appeal from imposition of regular community supervision, former
rule 25.2(b)(3) required a felony defendant to file a particularized notice of appeal 
when challenging the imposition of deferred adjudication community supervision
pursuant to an agreed punishment recommendation that the trial court followed.


 
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (and cited cases). 
         Despite these limitations, however, section 23(b) of article 42.12 of
the code of criminal procedure affords a defendant an unrestricted right to
appeal from an order revoking regular community supervision, even if that
community supervision was the result of an agreed punishment recommendation. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2004); Feagin
v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998); Mitich v. State,
47 S.W.3d 137, 140 (Tex. App.–Corpus Christi 2001, no pet.). The restrictive
proviso of former rule 25.2(b)(3) did not apply to a pre-January 1, 2003 appeal
"attacking the propriety of orders revoking probation." See Feagin, 967 S.W.2d
at 419 (interpreting former rule 40(b)(1), which was amended and replaced in 1997
by former rule 25.2(b)(3)). A defendant appealing from revocation of regular
community supervision did not appeal from a judgment rendered on a plea of guilty or
nolo contendere under article 1.15 of the code of criminal procedure. See Tex. R. App.
P. 25.2(b) (amended effective January 1, 2003).


 A plea of true is not "a plea of
guilty or nolo contendere under article 1.15 of the code of criminal procedure." See
id. In such circumstances, the agreed punishment recommendation that the defendant
and the State entered into was complete when the trial judge originally placed the
defendant on community supervision, and section 23(b) of article 42.12 governs
appeals from revocation of regular community supervision, not former rule 25.2(b)(3). 
See Feagin, 967 S.W.2d at 419. Thus, an appeal concluded before January 1, 2003
proceeded without limitation on our power to review any errors raised by the appellant
with regard to a regular community supervision revocation proceeding, even a
revocation pursuant to an agreed punishment recommendation.


 See id.; see also
Mitich, 47 S.W.3d at 140. Neither rule 25.2(a)(2) nor the CORTA Form references the
right to appeal from revocation of community supervision. 
2. Appeal of Issues Unrelated to Conviction Following
Adjudication and Revocation of Deferred Adjudication Community Supervision

         The process for revoking deferred adjudication community supervision is the
same as revocation proceedings in regular community supervision cases. See Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 5(b), 21, 23(a) (Vernon Supp. 2004). However,
the resemblance between deferred adjudication and regular community supervision
revocation proceedings ends there. The distinction arises from the trial court's deferral
of a finding of guilt when imposing deferred adjudication community supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004). Section 5(b) of
article 42.12 strictly limits appeal from the revocation of deferred adjudication
community supervision.  Id. The code of criminal procedure expressly denies a
defendant the right to appeal a trial court's adjudication decision:
On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article. The defendant is
entitled to a hearing limited to the determination by the court of whether
it proceeds with an adjudication of guilt on the original charge. No appeal
may be taken from this determination. After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal
continue as if the adjudication of guilt had not been deferred. 
Id. (emphasis added). Thus, revocation of deferred adjudication community
supervision involves a component that proceedings revoking regular community
supervision do not: the adjudication decision. Issa v. State, 826 S.W.2d 159, 161
(Tex. Crim. App. 1992) (per curiam). Section 5(b) of article 42.12 prohibits a
defendant who has been adjudicated guilty of the original charge from raising on
appeal contentions of error in the adjudication decision. Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999). The court of criminal appeals has
made it clear, "given the plain meaning" of section 5(b) of article 42.12, that an
appellant whose deferred adjudication probation has been revoked and who has been
adjudicated guilty of the original charge may not raise on appeal contentions of error
in the adjudication-of-guilt process. Id. Included within the term "adjudication-of-guilt
process" are challenges to sufficiency of the notice contained in the terms and
conditions of deferred adjudication probation, adequacy of the State's notice of
violation, and sufficiency of the evidence to support the trial court's revocation
decision. See id. (and cited cases). 
         Further, for the purpose of applying former rule 25.2(b)(3), when a prosecutor
recommended deferred adjudication in exchange for a defendant's plea of guilty or
nolo contendere, the trial court did not exceed that recommendation if, on
proceeding to an adjudication of guilt, the court later assessed any punishment
within the range allowed by law. Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim.
App. 2001) (citing Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996)).


 
Thus, former rule 25.2(b)(3) limited our review power over an appeal brought after an
adjudication of guilt by a defendant placed on deferred adjudication community
supervision pursuant to an agreed punishment recommendation. Tex. R. App.
P. 25.2(b)(3) (amended effective January 1, 2003); Tex. Code Crim. Proc. Ann.
art. 42.12 § 5(b) (Vernon Supp. 2004); Tex. Code Crim. Proc. Ann. art. 44.01(j)
(Vernon Supp. 2004); Woods, 68 S.W.3d at 669 (and cited cases). 
         However, the extra-notice requirements of former rule 25.2(b)(3) did not apply
to an appeal from a judgment adjudicating guilt when the issues raised by the appeal
were unrelated to the conviction. See Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex.
Crim. App. 2001) (allowing appeal of issues related to punishment phase following
adjudication of guilt). Once the trial court adjudicates the guilt of a defendant on
deferred adjudication community supervision, the assessment of punishment, 
pronouncement of sentence, and the defendant's appeal continue as if the trial court
had not deferred the adjudication. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2004). Thus, a defendant may appeal from a judgment adjudicating
guilt when the issues raised by the appeal relate not to the adjudication decision but
to the punishment phase. See id.; see also Kirtley, 56 S.W.3d at 51-52 (addressing
claim of ineffective assistance of counsel at punishment phase following adjudication
of guilt). Consequently, a defendant was not required to comply with the extra-notice provisions of former rule 25.2(b)(3) to challenge issues unrelated to
the conviction, including asserted punishment errors. Vidaurri, 49 S.W.3d at 884;
Carroll, 119 S.W.3d at 839; see May v. State, 106 S.W.3d 375, 376 n.4 (Tex.
App.–Corpus Christi 2003, no pet.) (applying Vidaurri to appeal commenced after
January 1, 2003 to hold requirements of current rule 25.2(a)(2) inapplicable to claim
of error in misapplication of mandatory sentencing statute). Neither rule 25.2(a)(2) nor
the CORTA Form references an adjudicated defendant's right to appeal issues
unrelated to the conviction following the adjudication of guilt. 
3. Appeal of Jurisdictional Defects
         Rule 25.2 omits any reference to a plea-bargaining defendant's right to appeal
jurisdictional defects, a right both former rule 40(b)(1) and former rule 25.2(b)(3)
expressly recognized, although with different language.


 See Tex. R. App.
P. 25.2(a)(2). However, "both bargaining and non-bargaining defendants can appeal
jurisdictional issues." Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003). 
Neither rule 25.2(a)(2) nor the CORTA Form references every defendant's right on
appeal to challenge the trial court's jurisdiction. 
4. Appeal of Illegality of Unauthorized Sentence
         A sentence outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal. Perez, 129 S.W.3d at 289 (citing Mizell v.
State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)). Unlike most trial errors, which
are forfeited if not timely asserted, a party is not required to make a contemporaneous
objection to the imposition of an illegal sentence. Perez, 129 S.W.3d at 289 (citing
Mizell, 119 S.W.3d at 806 n.6). Thus, an appellate court that otherwise has
jurisdiction over a criminal conviction may always notice and correct an illegal
sentence. Mizell, 119 S.W.3d at 806. Neither rule 25.2(a)(2) nor the CORTA Form
references a plea-bargaining defendant's right to appeal the legality of an unauthorized
sentence. 
E. Scope of Independent Review Power
         Accordingly, given that appellate rule 25.2 must not "abridge, enlarge, or
modify" the substantive rights of a defendant, rule 25.2's certification requirement
must not extinguish limited rights to appeal previously recognized under the law. 
Concomitantly, the scope of our independent Anders review is not confined by the
express terms of either rule 25.2 or the CORTA Form. Rather, our independent review
also encompasses other arguable issues not recognized by either rule 25.2 or the
CORTA Form.
         In reaching this conclusion, we reiterate that we recognize that the court of
criminal appeals has instructed us that "[t]he plain import of [former rule 25.2(b)(3)]
is that appeals from plea bargain cases are limited to the situations set forth in the
rule. Consequently, a court of appeals is not authorized to address points of error that
do not fall within one of the categories listed in [former rule 25.2(b)(3)]." Woods,
108 S.W.3d at 316. However, Woods neither overruled nor addressed substantive
exceptions to former rule 25.2 embodied in precedent issued by the court of criminal
appeals. Moreover, Woods concerned the extra-notice recitations for the notice of
appeal explicitly required by former rule 25.2(b)(3).


 The issues we now must
address concern rights of appeal identified on the CORTA Form as well as in the
language of rule 25.2. As discussed above, the CORTA Form excludes certain limited
rights to appeal that plea-bargaining defendants continue to enjoy in Texas. We
conclude that the court of criminal appeals did not intend its suggested CORTA Form
to abridge a criminal defendant's substantive rights. Accordingly, we hold that the
scope of our independent review under Anders is not confined by the terms of either
rule 25.2 or the CORTA Form. Rather, the scope of our independent review includes
any arguable grounds that might support an appeal, which by definition includes
limited rights to appeal previously recognized by law, including the right to challenge
the validity of a written waiver of the right to appeal. 
         We conclude that the Texas Court of Criminal Appeals has authorized us in
appeals following negotiated guilty pleas to address issues that assert: (1) the
invalidity of a written waiver of the right to appeal; (2) errors in regular community
supervision revocation proceedings; (3) errors unrelated to the conviction following
adjudication and revocation of deferred adjudication community supervision;
(4) jurisdictional defects; (5) matters raised by written motion ruled on before trial;
(6) matters for which the trial court has granted permission to appeal; and (7) the
legality of the sentence imposed as unauthorized. See Blanco, 18 S.W.3d at 220
(validity of written waiver of right to appeal); see also Feagin, 967 S.W.2d at 419
(revocation of regular community supervision); Kirtley, 56 S.W.3d at 51-52 (errors
unrelated to conviction following deferred adjudication of guilt); Monreal, 99 S.W.3d
at 620 (jurisdictional defects); Woods, 108 S.W.3d at 316 (matters raised by pre-trial
motions; permissive appeals); Mizell, 119 S.W.3d at 806 (legality of unauthorized
sentence). 
         Accordingly, we also hold that our independent review of the record under
Anders and Penson in an appeal following a guilty plea first must determine if the
appellant executed a valid waiver of the right to appeal. See, e.g., Perez, 129 S.W.3d
at 287. Further, we hold that we next independently review the record to determine
if the plea was entered pursuant to an agreed punishment recommendation that the
trial court followed. See id. at 286. If the appellant did not execute a valid waiver of
the right to appeal and the appeal is from a negotiated guilty plea, we hold that the
scope of our duty under Anders and Penson to review the record independently
requires us to examine the record: (1) following revocation of regular community
supervision, for any error in the revocation proceeding; (2) following a deferred
adjudication of guilt, for errors unrelated to the conviction; (3) for jurisdictional defects
in all cases; (4) for matters raised by written motion ruled on before trial in all cases;
(5) for all matters the trial court granted permission to appeal; and (6) in all cases, the
legality of the sentence imposed as authorized by law. See Perez, 129 S.W.3d at 288
(finding that independent review of record in Anders appeal following guilty plea
entered without benefit of punishment recommendation and without valid written
waiver of the right to appeal includes: (1) potential jurisdictional defects;
(2) voluntariness of plea; (3) error that is not independent of and supports judgment
of guilt; and (4) potential error occurring after guilty plea).


 
F. Compliance in Substance as Well as Form
         Finally, we hold that our duty to review the record independently in Anders
cases requires us to determine that the record substantiates that the defendant has
no right of appeal if the trial court's CORTA so reflects.


 It was not enough
that the form of a notice of appeal filed before January 1, 2003 comply
with the extra-notice requirements of former rule 25.2(b)(3). Flores v. State,
43 S.W.3d 628, 629 (Tex. App.–Houston [1st Dist.] 2001, no pet.); Sherman v.
State, 12 S.W.3d 489, 492 (Tex. App.–Dallas 1999, no pet.). The record must
have substantiated the specific allegations in the notice of appeal. See Woods,
108 S.W.3d at 316 (requiring that record substantiate extra-notice provisions of
former rule 25.2(b)(3)); see also Flores, 43 S.W.3d at 629; Betz v. State,
36 S.W.3d 227, 228 (Tex. App.–Houston [14th Dist.] 2001, no pet.). Thus,
the record must have substantiated a lack of jurisdiction in the trial court if an
appellant specified in the notice of appeal pursuant to former rule 25.2(b)(3) that
the appeal was for jurisdictional defects. Woods, 108 S.W.3d at 314; Betz,
36 S.W.3d at 228. Similarly, the record must have contained written motions
ruled on before trial if an appellant specified in the notice of appeal that the appeal
was pursuant to former rule 25.2(b)(3)(B), and it must have substantiated that the trial
court had given permission to appeal if the notice reflected that the appeal was
pursuant to former rule 25.2(b)(3)(C). Betz, 36 S.W.3d at 228.  
         Thus, we also hold that each record in Anders cases now must substantiate the
specific grounds for appeal identified in the CORTA as well as substantiate any
certification that the appellant has no right of appeal. See Waters v. State,
124 S.W.3d 825, 826 (Tex. App.–Houston [14th Dist.] 2003, no pet.) ("Despite the
trial court's certification [that the appellant had the right to appeal], we believe the
Rule 25.2 requirements recited in a certification must be true and supported by the
record."). With our duty under Anders and Penson firmly in mind, we turn to our
disposition of this appeal. 
III. DISPOSITION
A. Anders Brief
         Escochea's court-appointed appellate counsel filed a brief in which he concludes
that this appeal is frivolous. See Anders, 386 U.S. at 744-45. Counsel has certified
that: (1) he reviewed the record; (2) in his opinion, the appeal is frivolous because
Escochea's general notice of appeal did not invoke our jurisdiction; (3) he served a
copy of the brief on Escochea at the time of its filing; and (4) he informed Escochea
by accompanying letter of his opinion that the appeal is frivolous and that Escochea
has the right to file a pro se brief on his own behalf. See Anders, 386 U.S. at 744-45;
see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
Pursuant to our order, counsel also provided Escochea a copy of the record. 
         An Anders brief must provide references to both legal precedent and pages
in the record to demonstrate why there are no arguable grounds to be advanced. 
High, 573 S.W.2d at 812. With relevant citation to legal precedent and the record,
counsel professionally evaluates the pre-trial proceedings, the admonishments in the
record, and the plea proceedings. See Currie v. State, 516 S.W.2d 684, 684 (Tex.
Crim. App. 1974). We do not interpret Anders as requiring appointed counsel to make
arguments counsel would not consider worthy of inclusion in a brief for a paying client
or to urge reversal if, in fact, counsel finds no arguable issue to appeal. See id. We
hold that counsel's brief is not the "conclusory statement" decried by Anders. See id. 
         We turn to our independent review of the record. See Penson, 488 U.S. at 80;
see also Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2002, no
pet.). We note that Escochea does not appeal from a revocation proceeding or from
a deferred adjudication of guilt. 
B. Independent Review of the Record
1. Validity of Written Waiver of the Right to Appeal
         Our independent review of the record reveals that the clerk's record of the
written plea papers signed by Escochea contains a "Statement Understanding
Admonishments" that recites the following waiver of the right to appeal: 
I understand that, whether I plead guilty or nolo contendere with or
without a plea bargain agreement, I may have a limited right to appeal. 
I hereby waive any right of appeal that I may have to the judgment of the
Court. 

         "A valid waiver of appeal, whether negotiated or non-negotiated, will
prevent a defendant from appealing without the consent of the trial court." Perez,
129 S.W.3d at 287 (quoting Monreal, 99 S.W.3d at 622). Escochea bargained for
a sentencing recommendation in exchange for his waiver. He was "fully aware of
the likely consequences" when he waived his right to appeal. Blanco, 18 S.W.3d
at 220 (quoting Mabry v. Johnson, 467 U.S. 504, 511 (1984)). It is "not unfair to
expect him to live with those consequences now." See Blanco, 18 S.W.3d at 220
(quoting Mabry, 467 U.S. at 511); compare Perez, 129 S.W.3d at 287 (holding waiver
of appeal signed before sentencing without benefit of punishment recommendation
was invalid). Escochea is bound by his bargain, including the waiver. See Blanco,
18 S.W.3d at 220. There is nothing in the record to indicate he was unaware of the
waiver or misled regarding its effect. Cf. Alzarka v. State, 90 S.W3d 321, 324 (Tex.
Crim. App. 2002) (discussing appellant's challenges to validity of written waiver of
right to appeal). Moreover, the trial court expressly denied Escochea permission to
appeal and certified that he has no right of appeal, which we note is consistent with
a determination that the "boiler-plate" language in Escochea's plea papers is a valid
waiver of his right to appeal. Cf. Alzarka, 90 S.W.3d at 324 (finding that record
directly contradicted and rebutted any presumption raised by terms of boiler-plate
waiver of right to appeal contained in plea papers).


 "The trial court is in a better
position to determine whether the previously executed waiver of appeal was in fact
validly executed and if there is any arguable merit in appellant's desire to appeal." Iles
v. State, 127 S.W.3d 347, 350 (Tex. App.–Houston [1st Dist.] 2004, no pet.)
(quoting Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003)). We conclude
that Escochea's written waiver of his right to appeal is valid. See Blanco, 18 S.W.3d
at 220. Because Escochea waived his right of appeal, his notice of appeal invoked our
jurisdiction but did not trigger our full review power. This record does not support
exercise of our limited power to review jurisdictional defects or matters raised by
written motion filed and ruled on before trial.


 Nor did the trial court give Escochea
permission to appeal. However, because we do have jurisdiction over this appeal, we
have a duty to examine the record independently with regard to the legality of
Escochea's sentence as authorized by law. See Mizell, 119 S.W.3d at 806.  
2. Legality of Sentence as Unauthorized
         The five-year sentence imposed in the case is within the range authorized by law
for a third-degree felony and is not illegal.


 See id. Accordingly, the record in this
case does not support exercise of our limited power to review an illegal sentence. 
3. Waiver by Guilty Plea
         Our review of the record reveals that Escochea complained, in his pro se letter
to the trial court in which he noticed his appeal, that his trial counsel did not have his
permission to waive a jury on his behalf and that he did not voluntarily plead guilty. 
Even if Escochea had not waived his right to appeal in writing, he waived any appeal
of the voluntariness of his plea when he pleaded guilty to a felony pursuant to an
agreed punishment recommendation. See Cooper, 45 S.W.3d at 81. Similarly,
Escochea waived any appeal based on ineffective assistance of counsel. See
Woods,108 S.W.3d at 316. The proper vehicle for voluntariness and ineffectiveness
issues is a collateral attack that permits the development of facts concerning the
claims. Jackson v. State, 877 S.W.2d 768, 773 (Tex. Crim. App. 1994). 
C. Conclusion
         We hold that our duty to examine the record for error independently is fulfilled
on ascertaining that Escochea's written waiver of appeal is valid and that the sentence
the trial court imposed is authorized by law and not illegal. We conclude that
Escochea's appeal is frivolous and without merit. The record does not substantiate
that Escochea has any right of appeal. See Woods, 108 S.W.3d at 316. It follows,
therefore, that the record does not, and cannot, contain a CORTA showing that
Escochea has the right of appeal. See Tex. R. App. P. 25.2(d). No amendment or
supplementation of the CORTA is required to accurately reflect Escochea's right of
appeal. See Tex. R. App. P. 25.2(f), 37.1. Accordingly, we dismiss this appeal. See
Tex. R. App. P. 25.2(d). 
 D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed
with request for withdrawal from case). Counsel has requested to withdraw from
further representation of Escochea on this appeal. We grant counsel's motion to
withdraw and order him to advise Escochea promptly of the disposition of this case
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam). 

                                                                        ERRLINDA CASTILLO
                                                                        Justice
Publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 17th day of June, 2004.