NUMBER 13-02-708-CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




HECTOR GUADALUPE TABARES,                                       Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 197th District Court
of Cameron County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo


Memorandum Opinion by Justice Castillo

         Hector Guadalupe Tabares


 appeals his conviction for repeated violation of a
protective order.


 Tabares pleaded guilty pursuant to an agreed punishment
recommendation. The trial court honored the plea agreement and sentenced him to
eight years in the Institutional Division of the Texas Department of Criminal Justice. 
We conclude that Tabares's appeal is frivolous and without merit. We dismiss. 
I. BACKGROUND
         Tabares filed a timely notice of appeal on December 3, 2002. The rules of
appellate procedure governing how appeals proceed in criminal cases were amended
effective January 1, 2003. This Court applies the amended rules of appellate
procedure to all cases on appeal on the effective date of the amendments. See, e.g.,
Chavez v. State, Nos. 13-03-174-CR & 13-03-175-CR, 2004 Tex. App. LEXIS 5100,
at *2 (Tex. App.–Corpus Christi June 10, 2004, no pet. h.). The trial court has filed
a certification that Tabares has no right to appeal (the "CORTA"). See Tex. R. App.
P. 25.2(a)(2). 
 II. DISPOSITION
A. Anders Brief
         Tabares's court-appointed appellate counsel has filed a brief in which
he concludes that this appeal is frivolous. See Anders v. California,
386 U.S. 738, 744-45 (1967). Counsel has certified that: (1) he diligently reviewed
the record for reversible error; (2) in his opinion, the appeal is without merit; (3) he
served a copy of the brief on Tabares and informed him of his right to review the
record; and (4) he informed Tabares of his right to file a pro se brief on his own behalf. 
See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978); McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975);
Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet. ref'd) (per
curiam). More than thirty days have passed since the date of counsel's letter. 
Tabares has not requested the record or filed a pro se brief. 
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Counsel's brief does not advance any arguable issues. However,
counsel professionally evaluates the record and demonstrates why there are no
arguable issues. See Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974). 
With relevant citation to legal precedent and the record, counsel professionally
evaluates the pre-trial proceedings, the admonishments in the record, and the plea
proceedings. We do not interpret Anders as requiring appointed counsel to make
arguments counsel would not consider worthy of inclusion in a brief for a paying client
or to urge reversal if, in fact, counsel finds no arguable issue to appeal. See id. We
hold that counsel's brief is not the "conclusory statement" decried by Anders. See id. 
We turn to our independent review of the record as mandated by Anders. See Penson
v. Ohio, 488 U.S. 75, 80 (1988); see also Chavez, 2004 Tex. App. LEXIS 5100,
at *37. 
B. Independent Review of the Record
         In our independent review of the record under Anders and Penson in an appeal
following a guilty plea, we first determine if the appellant executed a valid waiver of
the right to appeal. Escochea v. State, No. 13-01-761-CR, 2004 Tex. App. LEXIS
5366, at *32 (Tex. App.–Corpus Christi June 17, 2004, no pet. h.). After examining
the record, we conclude that Tabares did not waive his right to appeal. Our review of
the record also reveals that the plea bargain in this case incorporated an agreed
recommendation as to punishment that was accepted by the trial court. See Tex. R.
App. P. 25.2(a)(2); see also Chavez, 2004 Tex. App. LEXIS 5100, at *37. 
Accordingly, at this time the scope of our duty under Anders and Penson to review the
record independently requires us to examine the record: (1) following revocation of
regular community supervision, for any error in the revocation proceeding; (2) following
a deferred adjudication of guilt, for errors unrelated to the conviction; (3) for
jurisdictional defects in all cases; (4) for matters raised by written motion ruled on
before trial in all cases; (5) for all matters the trial court granted permission to appeal;
and (6) in all cases, the legality of the sentence imposed as authorized by law. 
Chavez, 2004 Tex. App. LEXIS 5100, at *31-*32. 
         We note that Tabares is not appealing from a revocation or adjudication
proceeding. The record reveals a number of pretrial motions, but the trial court did not
expressly or implicitly rule on any of them. See Tex. R. App. P. 25.2(a)(2). Nor did the
trial court give Tabares permission to appeal. Consequently, we independently review
the record only for jurisdictional defects and to determine the legality of the sentence
imposed as authorized by law. See Chavez, 2004 Tex. App. LEXIS 5100, at *31-*32.
         We find no jurisdictional defects. Moreover, the eight-year sentence Tabares
received is within the range authorized by law and is not illegal.


 See id. at *39-*40. 
 C. Conclusion
         Having fulfilled our duty to examine the record for error independently, we
conclude that Tabares's appeal is frivolous and without merit. The record does not
substantiate that Tabares has any right of appeal. See id. at *41. It follows,
therefore, that the record does not, and cannot, contain a CORTA showing that
Tabares has the right of appeal. See Tex. R. App. P. 25.2(d); see also Chavez,
2004 Tex. App. LEXIS 5100, at *42. Accordingly, we dismiss this appeal. See Tex.
R. App. P. 25.2(d); see also Chavez, 2004 Tex. App. LEXIS 5100, at *42. 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Chavez, 2004 Tex. App. LEXIS 5100, at *42 (and cited cases).
Counsel has requested to withdraw from further representation of Tabares on this
appeal. We grant counsel's motion to withdraw and order him to inform Tabares of
the disposition of this case and the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

                                                                        ERRLINDA CASTILLO
                                                                        Justice
 
Do Not Publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and filed
this 1st day of July, 2004.