NUMBER 13-02-561-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

EDWARD SALAZAR,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 319th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Opinion by Justice Rodriguez

         Appellant, Edward Salazar, was indicted for three counts of aggravated sexual
assault. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2004). Pursuant to a plea
agreement, appellant pled guilty to count one of the offense, and the State dismissed
counts two and three. On December 17, 2001, the trial court deferred a finding of
guilt and placed appellant on deferred community supervision for five years. On April
9, 2002, the State filed a motion to revoke appellant's community supervision, alleging
violations of nine conditions of his supervision.


 On September 19, 2002, at his
revocation hearing, appellant pled "true" to the alleged violations. The trial court
revoked appellant's community supervision and sentenced him to five years in the
Texas Department of Criminal Justice, Institutional Division. The trial court has
certified that this case "is a plea-bargain case, and the defendant has NO right of
appeal." See Tex. R. App. P. 25.2(a)(2).


 We conclude that the appeal is frivolous and
without merit. Therefore, we dismiss.
I. Facts
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Anders Brief
         Appellant's court-appointed counsel has filed a brief in which he has concluded
that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). 
Counsel certifies: (1) he diligently reviewed the record for error; (2) he was unable to
find any error which would arguably require a reversal of the trial court's order
revoking community supervision; (3) in his opinion, the appeal is without merit; (4) he
served a copy of this brief on appellant; (5) he forwarded a complete copy of the
appellate record to appellant; and (6) he informed appellant of his right to file a brief
on his own behalf. See id. at 744-45; see also Stafford v. State, 813 S.W.2d 503,
509 (Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978). More than thirty days have passed, and appellant has not filed any
pro se brief. See Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813.
         An Anders brief must provide references to authority and the record to
demonstrate why there are no arguable grounds to advance. High, 573 S.W.2d at
812. Although counsel's brief does not advance any arguable grounds of error, it does
present a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim.
App. 1974); see High, 573 S.W.2d at 812. We conclude counsel's brief meets the
requirements of Anders. Anders, 386 U.S. at 744-45; see High, 573 S.W.2d at 812.
         Rule 25.2(d) provides that "[t]he appeal must be dismissed if a certification that
shows the defendant has the right of appeal has not been made part of the record
under these rules." Tex. R. App. P. 25.2(d). In this case the certification shows that
appellant does not have the right of appeal, therefore a certification that shows he has
the right of appeal has not been made part of the record. See id. The Supreme Court
has advised appellate courts, however, that upon receiving a "frivolous appeal" brief,
they must conduct "a full examination of all the proceeding[s] to decide whether the
case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v.
State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Therefore, a
certification showing no right to appeal does not eliminate our duty to perform an
independent review of the record upon receipt of an Anders brief. Chavez v. State,
Nos. 13-03-174-CR & 13-03-175-CR, 2004 Tex. App. LEXIS 5100, at *3 (Tex.
App.–Corpus Christi June 10, 2004, no pet. h.); Escochea v. State, No. 13-01-761-CR, 2004 Tex. App. LEXIS 5366, at *4 (Tex. App.–Corpus Christi June 17, 2004, no
pet. h.).
III. Independent Review of Record
         After examining the record, we first conclude appellant did not waive his right
to appeal. Compare Chavez, 2004 Tex. App. LEXIS 5100, at *37-*40 (did not
execute waiver of right to appeal) with Escochea, 2004 Tex. App. LEXIS 5366, at *4,
*38-*41 (executed waiver of right to appeal). Our review also reveals that the plea
bargain in this case incorporated an agreed recommendation as to punishment that
was accepted by the trial court. See Tex. R. App. P. 25.2(a)(2); see also Chavez, 2004
Tex. App. LEXIS 5100, at *37. Accordingly, from this negotiated guilty plea, under
Anders and Penson, at this time we are required to independently review the record: 
(1) following revocation of regular community supervision, for any error in the
revocation proceeding; (2) following a deferred adjudication of guilt, for errors
unrelated to the conviction; (3) for jurisdictional defects; (4) for matters raised by
motion ruled on before trial; (5) for all matters the trial court granted permission to
appeal; and (6) for the legality of sentence imposed as authorized by law. Chavez,
2004 Tex. App. LEXIS 5100, at *31-*32.
         We have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Stafford, 813 S.W.2d at 509. Specifically, from this
deferred adjudication of guilt, we find nothing in the record that reveals arguable error
unrelated to appellant's conviction. Moreover, nothing in the record reveals
jurisdictional defects, matters raised by written motion ruled on before trial, matters
for which the trial court granted permission to appeal, or an illegal sentence. See id. 
We agree with counsel that the appeal is wholly frivolous. The record does not
substantiate that appellant has any right of appeal in this case. It follows that the
record does not, and cannot, contain a certification showing appellant has the right of
appeal in this case. See Tex. R. App. P. 25.2(d).
IV. Conclusion
         We conclude the appeal is without merit. Accordingly, we dismiss this appeal. 
See Tex. R. App. P.25.2(d); see also Chavez, 2004 Tex. App. LEXIS 5100, at *42.
         Additionally, we order counsel to notify appellant of the disposition of his appeal
and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997) (per curiam).                                                                                                                            NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 1st day of July, 2004.