IN
THE COURT OF CRIMINAL APPEALS

                                    OF
TEXAS

 

                                                              

                                    Nos. 
PD-1381-04 and PD-1382-04



 

                                         ENRIQUE
RUELAS CHAVEZ, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



              ON THE COURT=S OWN MOTION FOR DISCRETIONARY REVIEW

                                FROM
THE THIRTEENTH COURT OF APPEALS

                                                          CAMERON
COUNTY



 

Johnson,
J., delivered the unanimous opinion of the Court.

 

                                                                  O
P I N I O N

 

Appellant
plead guilty to two indictments, one for murder and the other for possession of
cocaine with intent to deliver.  The trial court sentenced him to thirty years
in prison for each offense, with the sentences to be served concurrently.  The
court of appeals dismissed appellant=s
appeals because the required certification from the trial court did not
indicate that appellant had a right to appeal. Chavez v. State, 139
S.W.3d 43 (Tex. App.BCorpus
Christi 2004).  Neither appellant nor the state sought discretionary review. 
We granted discretionary review on our own initiative in these cases to
consider the procedures used by the Thirteenth Court of Appeals. See Tex. R. App. P. 66.1.     In our order
granting review, we detailed the procedural background of these cases.








1) After the
trial court received appellant=s
guilty pleas and supporting evidence, it found him guilty and ordered a
presentence investigation.  On February 18, 2003, the court sentenced appellant
to concurrent terms of 30 years in prison.[1] 
On February 24, 2003, appellant filed a handwritten notice of appeal.  On
February 27, 2003, the court appointed appellate counsel.

 

2) On May 15,
2003, counsel filed amended notice of appeal that said that the trial court has
granted appellant permission to appeal his convictions.

 

3) On September
8, 2003, the trial court certified that these were plea-bargained cases and
that appellant had no right of appeal.

 

4) On October 8,
2003, appellant=s
counsel filed an Anders[2] brief, which
stated that after having diligently searched the record and researched the law,
the appeals were, in his professional opinion,  without merit and frivolous. 
On April 19, 2004, appellant, pro se, filed a brief saying that Ahe was coer[c]ed into
waiving his constitutional rights to have a trial by jury.@

 

5) On June 10,
2004, the court of appeals delivered its opinion, in which it acknowledged Tex. R. App. P. 25.2(d)=s requirement that A[t]he appeal must be
dismissed if a certification that shows the defendant has the right of appeal
has not been made a part of the record under these rules.@ Chavez, supra
at 47.  However, the court of appeals also determined that, in spite of the
certificate of right to appeal, it had a duty to perform an independent review
of the record upon receipt of an Anders brief. Id. In its view of
the scope of its duty, the court of appeals then made some additional holdings.

 

Chavez v. State, Nos. PD-1381-04 and PD-1382-04 (Tex. Crim. App.,
order granting discretionary review filed Oct. 13, 2004)(unpublished).

Pursuant to our order granting review, our review
extends to the holdings set out in that order and to such other holdings of the
court of appeals=
opinion as may be material to the consideration of these cases.  In our order
granting review, we noted those holdings.








1) Texas
criminal defendants enjoy certain rights of appeal that are not enumerated in
Rule 25.2 of the Rules of Appellate Procedure, not referred to in the form for
certification of right to appeal, and not mentioned in Woods v. State,
108 S.W.3d 314 (Tex. Crim. App. 2003).

 

2) Neither Rule
25.2 nor the form for certification of right to appeal refers to the right to
appeal from revocation of Aregular@ probation, i.e., the
imposition of a sentence that has been suspended after a guilty finding.

 

3) Neither Rule
25.2 nor the form for certification of right to appeal refers to the right to
appeal issues unrelated to the revocation of deferred-adjudication probation
after a guilty finding.

 

4)
Plea-bargaining defendants have a right to appeal jurisdictional issues, which
is not referenced in either the certification of right to appeal rule or form.

 

5)
Plea-bargaining defendants have a right to appeal unauthorized sentences, which
is not referenced in either the certification of right to appeal rule or form.

 

6) When a trial
court has certified that a plea-bargaining defendant has no right of appeal,
and the defendant=s
attorney has filed an Anders brief, the court of appeals has the right
and duty to conduct an independent review of the record for such issues (i.e.,
errors in revocation of regular or deferred probations, jurisdictional defects,
and sentence legality).

 








Chavez v.
State, supra.  Points 2) and 3) have been decided by our opinion in Hargesheimer
v. State,  ___ S.W.3d ____ (Tex. Crim. App. 2006),[3]
in which we held that Rule 25.2 does not apply to community supervision or
deferred adjudication.  Furthermore, because appellant was sentenced to
incarceration, application of Rule 25.2 to community supervision is not
implicated.

Appellant=s brief states that he Aconcurs and joins in@ the court of appeals= holdings regarding Rule
25.2 and therefore Ajoins
in and adopts all of the arguments and authorities cited in the Court of
Appeals= Opinion.@  The state argues more
extensively.








In
summary, the state argues that an appellate court is to review the record in a
plea-bargained case to determine: 1) its jurisdiction; and 2) whether the trial
court=s certification
is correct.  The state adds that, because Rule 25.2(a)(2) limits the right of
a  felony defendant who plea bargained to appeal any matter of his case, if the
trial court=s
certification is correct and demonstrates that the defendant has failed to meet
the procedural requirements of Rule 25.2(a)(2), the appellate court must
dismiss the appeal for want of jurisdiction.[4] 
It further notes that, ultimately, the court of appeals properly dismissed
appellant=s appeal,
but while doing so, made some additional extraneous holdings which Acould have improperly
enlarged the limited exceptions in which a plea-bargaining defendant can appeal
pursuant to Texas Rule of Appellate Procedure 25.2(a)(2).@[5]








We
are cognizant of the history of this Court=s
rule-making authority and the development of Rule 25.2 and our case law as
detailed in the state=s
brief. See, e.g., Griffin, supra; Monreal v. State, 99 S.W.3d 615 (Tex.
Crim. App. 2003); Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001). 
We also recognize that our Rules of Appellate Procedure do not establish
appellate jurisdiction, but rather set out procedures which must be followed to
invoke a court=s
jurisdiction over a particular appeal. White v. State, 61 S.W.3d 424,
427-28 (Tex. Crim. App. 2001).  Thus Rule 25.2 generally describes the various
procedures that must be followed in order to invoke an appellate court=s jurisdiction over a
particular appeal, and Tex. R. App. P.
25.2(b), which applies in this case, provides that appeal is perfected in a
non-death-penalty criminal case by Atimely
filing a sufficient notice of appeal.@

With
regard to the court of appeals=
holding that criminal defendants enjoy certain rights of appeal that are not
set out in Rule 25.2, nor referred to in the certification of right to appeal,
nor mentioned in Woods v. State, supra, the court of appeals
acknowledged that it was Anot
authorized to address points of error that do not fall within one of the
categories listed in [former rule 25.2(b)(3)].@
Chavez, 139 S.W.3d at 56 (quoting Woods, supra at 316). 
The court of appeals also concluded that this Court did not intend that the certification
of right to appeal Aabridge
a criminal defendant=s
substantive rights.@ Id. 
It then held that the scope of its review under Anders is not confined
by the terms of Rule 25.2 or the certification  of right to appeal, but rather Athe scope of [its]
independent review includes any arguable grounds that might support an appeal,
which by definition includes limited rights to appeal previously recognized by
law.@ Id. 
However, since the court of appeals delivered its Chavez opinion, we
have held that the requirements of Rule 25.2(a)(2) do not impermissibly abridge
the right to appeal. Griffin, 145 S.W.3d at 649.  Appellant, in joining
and adopting all of the arguments of the court of appeals, does not persuade us
that applying Rule 25.2(a)(2) strictly pursuant to the terms of its wording
would be an abridgement, enlargement, or modification of the substantive rights
of a defendant.  








As
to the court of appeals=s
other holdings of which we granted review, Rule 25.2(a)(2) provides that a
defendant may appeal only matters that were raised by written motion filed and
ruled on before trial or after getting the trial court=s permission to appeal.  Thus, if a
jurisdictional issue were raised by written motion filed and ruled on before trial,
or the trial court granted permission to appeal such an issue, a defendant who
plea-bargained would have a right to appeal that issue, provided the appeal is
properly perfected pursuant to Rule 25.2(b).  There is nothing in the record to
support a finding that appellant filed written pre-trial motions that were
ruled on before trial.  The record is clear that the trial court filed a
certification stating that the sentences in these cases were the result of a
plea bargain and that appellant has no right to appeal.

We
conclude that appellant did not have the right to appeal.  A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2 (a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.  Here,
appellant had no right of appeal because he was sentenced pursuant to the
agreed terms of a plea bargain and did not satisfy either of the exceptions
stated in Rule 25.2(a)(2).  In such circumstances, no inquiry into even
possibly meritorious claims may be made.  

Because
the court of appeals ultimately dismissed appellant=s appeals, we affirm the judgments of the
court of appeals.

Johnson, J.

En banc

Delivered: January 25, 2006

Publish









[1] The terms of the plea agreement included concurrent
sentences not to exceed 40 years, dismissal of four other charges, and no
charges filed against appellant=s wife.  The
sentences assessed did not exceed the terms of the plea bargain.





[2]Anders v. California, 386 U.S. 738 (1967). 





[3]
The state acknowledges that A[i]t is undisputed that pursuant to art. 42.12 ' 23(b) [Tex.
Code Crim. Proc.], a criminal defendant has the right to appeal from a
hearing on the revocation of >regular= probation.@ 
Nevertheless, it insists that Asuch an appeal
by a plea-bargaining defendant is not unfettered by the procedural requirements
of Rule 25.2(a)(2).@  The state also argues that Rule 25.2(a)(2) should be
harmonized with Tex. Code Crim. Proc.
Arts. 44.02 and 42.12 ' 23(b), which respectively deal with a defendant=s general right of appeal and the right to appeal by a
defendant who has been placed on Aregular@ probation.

The
state argues that, when a defendant waives a jury trial and enters a plea of
guilty or nolo contendere before the court to a non-capital offense, the
proceedings become a unitary trial and that the Legislature required that
proceedings on a deferred adjudication of guilt proceed only upon a plea of
guilty or nolo contendere, thus ensuring a unitary trial.  It asserts that Tex. Code Crim. Proc. art. 42.12 ' 5, Asimply conveys
the notion that a deferred adjudication proceeding is to continue in the normal
fashion after the adjudication of guilt@
and, as a continuation of the unitary trial, it remains a part of the original
plea-bargain case; A[t]herefore, an appeal brought pursuant to an article
42.12 ' 5(b) proceeding must comply with the requirements of
Rule 25.2(a)(2).@

The
state also argues that a defendant=s
right to appeal from a deferred adjudication proceeding is delineated in Tex. Code Crim. Proc. art. 44.01(j),
which implies that the defendant can appeal from a  deferral of adjudication
pursuant to art. 42.12 ' 5(b) because such right is now a part of the
defendant=s general right of appeal under Article 44.02.  The
state argues that A[s]ince a defendant=s
appeal from deferred adjudication community supervision must be brought
pursuant to art. 44.02, then the certification requirements of Rule
25[.2](a)(2) are implicated.@  

It
also asserts that [t]he unambiguous language of art. 42.12 ' 5(b) states that after the adjudication of guilt[,]
all proceedings move forward as if the case had not been deferred.@  It adds that

[t]he
unitary trial concept makes all proceedings after the adjudication of guilt
part of the initial proceeding when the criminal defendant was placed on
deferred adjudication[, and] [t]herefore, Rule 25.2(a)(2) should apply equally
to any appeal of the proceedings occurring after the adjudication of guilt as
it would to an appeal from the initial hearing placing the criminal defendant
on deferred adjudication community supervision. (citations omitted)

The state argues that the
statute expresses that the right of appeal exists as if the deferred
adjudication had never been utilized, thus the normal rules of appeal are then
applicable, including the procedural requirements of Rule 25.2(a)(2) applying
to any appeal brought from any proceeding after the adjudication of guilt
pursuant to Article 42.12, ' 5(b).

Appellant was not placed on deferred adjudication or
regular community supervision.  We therefore decline to address the community
supervision arguments.  We also disavow the court of appeals= discussion of community supervision because it did
not apply to appellant and because we decided contra to the position of
the court of appeals in Hargesheimer, supra.





[4] In its brief, the state discussed the history of this
Court=s rule-making authority and the development of Rule
25.2.  The state asserts that Rule 25.2(a)(2) Alimits a plea bargaining defendant=s
right to appeal in any matter of his case, without limitation.@ (emphasis in original).  Citing Griffin v. State,
145 S.W.3d 645, 648 (Tex. Crim. App. 2004), the state argues that Rule
25.2(a)(2) was defined as carrying out the purpose of the Legislature=s original rule: Ato
eliminate meritless appeals after the trial court accepted the terms of a plea
agreement.@  It also argues that Rule 25.2(a)(2)=s  process requiring that the trial court enter a
certification of the defendant=s right to
appeal, Ain its goal of furthering judicial economy, was
designed to prevent the requirement of all actionsBappointment of counsel, preparation of the record,
filing of briefs, and other proceedings before a court of appealsBin the appellate process.@ (citing Greenwell v. The Court of Appeals for the
Thirteenth Judicial District, 159 S.W.3d 645 (Tex. Crim. App. 2005)).

The
state also discussed the Anders procedures Afor ensuring that an indigent defendant=s right to counsel on appeal is honored when his
attorney asserts that the appeal is without merit.@  It asserts that, A[i]f
the appellate court finds that the trial court=s certification is not defective and the criminal defendant does not
meet the procedural requirements of Rule 25.2(a)(2), then the appellate court
lacks jurisdiction to consider any matter related to that appeal.@  It also argues that A[o]nce the appellate court has determined [that] it lacks jurisdiction,
any further review of an Anders brief is unwarranted.@ (Citations omitted.)

The
state asserts that a statutory right of a defendant who pleads guilty pursuant
to a plea agreement to appeal jurisdictional issues was expressly stated in
former Rules 40(b)(1) and 25.2(b)(3), but when Rule 25.2 was amended, effective
January 1, 2003, the exception for jurisdictional issues was removed.  Citing Griffin
v. State, 145 S.W.3d at 649, the state also argues that Abecause the legislature did not expressly or even
impliedly make an exception for appeals of jurisdictional issues[,] it falls
outside of the statutory exceptions of Rule 25.2(a)(2). ... Therefore, a plea
bargaining felony defendant cannot appeal from a jurisdictional issue unless it
fits within one of the two exceptions stated in Rule 25[.2](a)(2).@

The state also argues that A[a] plea-bargaining defendant who receives an
unauthorized sentence must still meet the requirements of Rule 25.2(a)(2) to
invoke the jurisdiction of the appellate court[; therefore] a plea-bargaining
defendant cannot appeal jurisdictional issues unless it fits within one of the
two exceptions under Rule 25.2(a)(2).@ 
It suggests that the Aamendment to Rule 25.2 was expressly done so that the
new rule corresponded with the legislature=s
intent of the 1977 proviso to art. 44.02,@
and while A[t]he law is clear that a sentence not authorized by
law may be challenged at any time . . . , such a challenge must be made to a
court with jurisdiction to hear the complaint.@ (citing McClinton v. State, 121 S.W.3d 768, 772 (Tex. Crim.
App. 2003)(Cochran, J., concurring in dismissal as improvidently granted).





[5]
The state asserts that this Court=s rulings in Vidaurri v. State, 49 S.W.3d 880
(Tex. Crim. App. 2001), and Kirtley v. State, 56 S.W.3d 48 (Tex. Crim. App.
2001), Amodified and enlarged a plea-bargaining defendant=s . . . right to appeal . . ..@